## SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

March 11, 1924.

## THE PEOPLE v. CHARLES H. HOPKINS.

(208 App. Div. 438.)

(1) PENAL LAW, § 483, SUBD. 1, CONVICTION CANNOT BE HAD WITHOUT PROOF THAT MORALS OF CHILD WERE CAUSED TO BECOME DEPRAVED.

The defendant was improperly convicted of violating subdivision 1 of section 483 of the Penal Law on a charge of willfully causing the

morals of a chlid to become depraved, since there was no evidence that
the act committed by the defendant did cause the morals of the child
against whom the action was committed to become depraved.

(2) SAME—OFFENSE MAY HAVE BEEN WITHIN PENAL LAW, § 483, SUBD. 2.

*It seems*, that the offense proven may have been comprehended within
subdivision 2 of section 483 of the Penal Law in that the defendant
placed the child in such a situation that its morals were likely to be
impaired.

(3) SAME—CONSTITUTIONAL LAWS OF 1922, CH. 547, ESTABLISHING CHIL-
DREN'S COURTS VIOLATES STATE CONSTITUTION, ART. 6, § 18, AS AMENDED
IN 1921, IN SO FAR AS IT ATTEMPTS TO CONFER JURISDICTION ON CHIL-
DREN'S COURTS TO TRY OFFENSES COMMITTED BY ADULTS AGAINST
CHILDREN IRRESPECTIVE OF RELATION OF OFFENSE TO DELINQUENCY,
NEGLECT OR DEPENDENCY OF CHILD.

The amendment to section 18 of article 6 of the State Constitution
which was adopted in 1921 for the purpose of authorizing the estab-
lishing of Children's Courts limits the jurisdiction which may be con-
ferred by the legislature upon such courts to matters affecting
"delinquent, neglected or dependent minors" and to the punishment
and correction of adults responsible for or contributing to such
delinquency, neglect or dependency, and, therefore, chapter 547 of
the Laws of 1922 establishing Children's Courts is unconstitutional
in so far as it confers jurisdiction to try offenses committed by adults
against children, irrespective of the relation of such offense to the
"delinquency, neglect/or dependency" of any child.

APPEAL by the defendant, Charles H. Hopkins, from a judg-
ment of conviction rendered against him by the Children's
Court of Cortland county on the 12th day of December, 1923.

*Elmer L. Thompson,* for appellant.

*Albert Haskell, Jr., District Attorney (Carl Sherman,
Attorney-General, Edward G. Griffin, Deputy Attorney-
General,* of counsel, *amicus curiœ*), for the respondent.

H. T. KELLOGG, J.:

The defendant was convicted in the Children's Court of
Cortland county of a violation of subdivision 1 of section 483
of the Penal Law. That subdivision makes guilty of a misde-

meanor any person who acts as follows: " Wilfully causes or permits the life or limb of any child actually or apparently under the age of sixteen years to be endangered, or its health to be injured, or its morals to become depraved." The facts proven by the prosecution were that the defendant lifted the skirt of a girl eleven years of age and placed his hands upon her private parts. That the " morals " of the child were caused to " become depraved," or that its life or limb was endangered, or that its health was injured, nowhere appeared. Therefore, it would seem that a violation of subdivision 1 of section 483 was not established. Subdivision 2 of the same section makes guilty of a misdemeanor any person who acts as follows: " Wilfully causes or permits such child to be placed in such a situation or to engage in such an occupation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired." This subdivision more nearly describes the offense proven to have been committed, for it may be that the defendant placed the child " in such a situation " that its morals were " likely to be impaired." Waiving the point, however, that the defendant may not have been convicted under the appropriate subdivision, we think, nevertheless, that the Children's Court was without jurisdiction to try the case against him.

Prior to November 8, 1921, section 18 of article 6 of the State Constitution read as follows: " Inferior local courts of civil and criminal jurisdiction may be established by the legislature, but no inferior local court hereafter created shall by a court of record. The legislature shall not hereafter confer upon any inferior or local court of its creation, any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon county courts by or under this article. Except as herein otherwise provided, all judicial officers shall be elected or appointed at such times and in such manner as the legislature may direct." There can be no doubt that

under the section, as it then stood, the legislature might have
created inferior local courts, terming them Children's Courts
or Courts of Domestic Relations, and might have given them
jurisdiction over offenses committed by or against children, as
well as over matters otherwise affecting the welfare of children,
provided only that the limitations of the Constitution, such as
those relating to trials by jury and the bestowal of equitable
powers, were observed.

An amendment to section 18 of article 6 of the Constitution
was adopted by the electors of the state at a general election
held on November 8, 1921. This amendment did not in terms
repeal any provision of the section as previously existing. It
introduced the phrase " except as herein provided " to precede
and become a part of the second sentence of the section. Other-
wise the wording of the section, except for additional pro-
visions made, remained the same. The added provisions were
these: " The legislature may establish children's courts, and
courts of domestic relations, as separate courts, or as parts
of existing courts or courts hereafter to be created, and may
confer upon them such jurisdiction as may be necessary for
the correction, protection, guardianship and disposition of
delinquent, neglected or dependent minors, and for the punish-
ment and correction of adults responsible for or contributing
to such delinquency, neglect or dependency, and to compel the
support of a wife, child or poor relative by persons legally
charageable therewith who abandon or neglect to support any
of them. In conferring such jurisdiction the legislature shall
provide that whenever a child is committed to an institution or
is placed in the custody of any person by parole, placing out,
adoption or guardianship, it shall be so committed or placed,
when practicable, to an institution governed by persons, or in
the custody of a person, of the same religious persuasion as
the child. In the exercise of such jurisdiction such courts
may hear and determine such causes, with or without a jury,

except those involving a felony." We find, therefore, that the Constitution in an identical section now makes (1) general provision for the establishment of inferior local courts with jurisdiction not exceeding that of county courts; and (2) special provision for the establishment of Children's Courts or Courts of Domestic Relations, with a jurisdiction particularly defined and restricted. Clearly the general provision cannot be employed to enlarge the powers granted by the special provision. The special provision in particular terms defines the jurisdiction which may be conferred upon Children's Courts by the legislature and in this respect it is exclusive. Jurisdiction which may be given is limited to matters affecting "delinquent, neglected or dependent minors," and to the "punishment and correction of adults responsible for or contributing to such delinquency, neglect or dependency." Legislation conferring jurisdiction in excess of that specified would to that extent be unconstitutional.

The legislature of 1922, intending presumably to exercise the power conferred upon it by the constitutional amendment, passed legislation, known as the Children's Court Act, providing for the establishment of Children's Courts (Laws of 1922, chap. 547). Section 5 of that act contained the following: "Except as herein otherwise provided, the court shall have original jurisdiction to hear, try and determine all cases less than the grade of felony, which may arise against any parent or other adult responsible for or who contributes to the delinquency of or neglects any child; or who is charged with any act or omission in respect to any child, which act or omission is a violation of any state law or municipal ordinance." By the final clause of this provision the legislature attempted to confer upon the Children's Courts, to be set up pursuant to its authority, jurisdiction to try offenses committed by adults against children irrespective of the relation of such offense to the "delinquency, neglect or dependency" of any

15

child. In this respect the legislature exceeded its consti-
tutional powers. The offense charged against this defendant
was an act in relation to a child who is not " delinquent,
neglected or dependent." Therefore, although the legislation
in question comprehends the offense charged, no jurisdiction
was constitutionally conferred upon the Children's Court of
Cortland county to try and determine the offense. Conse-
quently, the judgment of conviction appealed from cannot
stand.

The judgment should be reversed and the defendant
discharged.

All concur, HINMAN, J., with opinion.

HINMAN, J. (concurring) :

The briefs of counsel seem to agree that the charge made
against the defendant was a violation of subdivision 1 of
section 483 of the Penal Law. So far as material here the
language of subdivision 1 of section 483 of the Penal Law is:
" Wilfully causes * * * its morals to become depraved."
So far as material here subdivision 2 of that section is:
" Wilfully causes * * * such child to be placed in such
a situation " that its morals were " likely to be impaired." It
nowhere appears in the proof that the morals of the child were
caused to " become depraved." I think there can be no
question but that the legislature contemplated in subdivision 1
of that section that there should be evidence of actual depravity
resulting in the child in order to convict for an offense under
that subdivision. Courts are not justified in giving a strained
or extreme construction to a criminal statute in order to bring
some particular act within its scope, when it is plain that such
act is covered in another statute or in another provision of the
same statute. Subdivision 2 seems to cover just this situation
of an act " likely " to bring about such a result in the child

and presumably was inserted in the law to supplement subdivision 1 by expressly recognizing a criminal offense not dependent upon resultant signs of delinquency or depravity on the part of the child. We may, however, lay aside the question of whether or not the charge laid against the defendant was broad enough to include a violation of subdivision 2 of section 483 of the Penal Law, which seems to be the offense of which he was proved guilty, if at all. We may also waive the point as to whether or not there was sufficient evidence to sustain such charge on its merits. A more important question is raised, involving the jurisdiction of the Children's Court to hear and determine this cause.

In order to determine the limits of the authority conferred upon the legislature by the amendment of 1921, so far as express constitutional jurisdiction was concerned, it is necessary to carefully consider the following provision which was incorporated in the 1921 amendment to section 18 of article 6 of our State Constitution. It was therein provided that the legislature may " confer upon them [Children's Courts] such jurisdiction as may be necessary for the correction, protection, guardianship and disposition of delinquent, neglected or dependent minors, and for the punishment and correction of adults responsible for or contributing to such delinqency, neglect or dependency."

The word " such," used before " delinquency, neglect or dependency," is a word of reference and relates to the antecedent clause. The antecedent clause provides for the correction, etc., of delinquent, neglected or dependent minors. It seems to me that, by the logic of the order in which these two clauses are presented, together with the use of the reference word " such," the application of the second clause is predicated upon a situation involving an application to the Children's Court for the exercise of its jurisdiction to correct a delinquent minor or to protect, etc., a neglected or dependent minor. It

was intended to reach the punishment of adults only as an incident to a proceeding initiated for the correction, etc., of a delinquent neglected, or dependent minor. It was intended that every element involved in the delinquency, neglect or dependency should be within the jurisdiction of that court, to be there disposed of as interrelated parts of one controversy. If an adult was found responsible for the delinquency, the court could punish the adult rather than the child. If the responsibility therefor was found divided, the court could correct or otherwise dispose of the child and at the same time punish the adult who contributed to the delinquency. If it was intended, by this constitutional provision, as urged by the Attorney-General, to reach a situation where an act of an adult had a tendency to contribute, or was an attempt to contribute, or likely to contribute to delinquency, neglect or dependency, but without any outward signs of producing a result justifying an application to the Children's Court for the correction or other disposition of the child, it would have been easy to use apt words to indicate such further purpose. If it was the purpose of the amendment to protect every child from being driven into an ordinary police court as a witness of obscenities, whether or not the child had itself manifested incorrigible or corrupt tendencies, as urged by the Attorney-General, no such interpretation can be drawn from the word " protection " as used in the constitutional provision. The Constitution does not say protection, etc., "of minors," but protection, etc., " of delinquent, neglected or dependent minors." Another argument of the learned Attorney-General is that even though a child may not have given evidence of delinquency as the result of an immoral act perpetrated upon the child, that the nature of some immoral acts is such that we must concede that such an act has contributed something of depravity to the child, however latent at the time. In other words, consulting psychology, we are told that the outcroppings of depravity later in the life of

the child may be directly traced to an act or acts which produced no immediate disastrous fulfillment of delinquency in the child. I cannot believe that the constitutional provision was aimed at anything so speculative as to permit the conclusion that a child was " delinquent " within the meaning of that constitutional provision without the slightest proof or evidence to indicate it and upon the mere assumption that an evil act, witnessed by a child or practiced upon it, had in some degree, however small, contributed to delinquency on its part.

The court was not moved to act in relation to the child but solely to punish the defendant. There was no pretense that the child needed the ministrations of the court. Therefore, the jurisdiction under which the court acted was not "necessary for the correction, protection," etc., of the child as a delinquent minor, and correspondingly the defendant cannot be punished in that court for contributing to delinquency on the part of the child, within the meaning of the 1921 amendment, where none exists or is alleged to exist.

Moreover the legislature has not lawfully conferred jurisdiction upon Children's Courts to hear and determine causes other than those expressly declared in the special provision inserted by the amendment of 1921 to section 18 of article 6 of the Constitution. In the amendment of 1921 the legislature was expressly authorized to establish Children's Courts " as separate courts, or as parts of existing courts or courts hereafter to be created." The legislature, under that language, could create a new court having more than Children's Court powers as those powers are expressly defined in the 1921 amendment. The language used in the 1921 amendment does not expressly or impliedly negative any power of the legislature previously existing under said section 18 and, therefore, did not destroy any such power. Under certain limitations, that power did exist prior to the 1921 amendment; but in creating such a local inferior court of criminal jurisdiction,

the legislature could not confer upon any new court created by it any greater jurisdítion than is " conferred upon county courts by or under this article." (N. Y. Const. art. 6, § 18.) " The legislature may hereafter enlarge or restrict the juris-diction of the county courts." (N. Y. Const. art. 6, § 14.) The power of the legislature in respect to newly-created courts was not restricted by the reference to county courts as the territorial standard, but it was intended rather to " restrict their jurisdiction as to subject-matter and persons, and not as to locality." (Irwin v. Metropolitan St. R. Co., 38 App. Div. 253; Kantro v. Armstrong, 44 id. 506.) The county courts now have jurisdiction to try criminal causes only after indictment by the grand jury. (Code Crim. Proc. §§ 4, 39, 222.) By certificate, county courts may remove from Courts of Special Sessions the trial of those misdemeanors otherwise exclusively triable in the latter courts and specified in section 56 of the Code of Criminal Procedure; but when so removed to the county court the charge must be prosecuted by indictment. (Code Crim. Proc. § 57.) These removal provisions do not seem to apply to such courts in certain localities not here material. (See Code Crim. Proc. §§ 56, 57, 59, 60, 61, 64, 68.) No jurisdiction has been conferred upon county courts to try even minor offenses except pursuant to indictment by the grand jury and trial by petit jury. Since no such juris-diction has been conferred upon county courts, any attempt to confer it upon Children's Courts must fail unless the juris-diction sought to be conferred is comprehended by the special powers delegated to the legislature by the 1921 amendment of section 18 of article 6 of the Constitution. I conclude that the legislature lacked the power to confer jurisdiction upon Children's Courts to try this defendant for this offense (1) because it was not a cause specifically covered by the language of the said 1921 amendment, and (2) because similar juris-diction was not conferred upon county courts under the general

provisions of section 18 of article 6. The general provisions of said section 18 of article 6 of the Constitution can be employed to enlarge the powers granted by the special amendment of 1921, but the legislature has failed to adopt the method available to it.

I concur for reversal of the judgment of conviction and the discharge of the defendant.

Judgment of conviction reversed on the law and defendant discharged.