THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEON E. DE PUE, Appellant.

Third Department, July 2, 1926.

Courts — Children's Court — jurisdiction — Children's Court has no jurisdiction under Children's Court Act of crime specified in Penal Law, § 482, subd. 1, especially where it does not appear that said children are delinquent or neglected.

The Children's Court does not have jurisdiction, under the Children's Court Act (Laws of 1922, chap. 547, as amd. by Laws of 1924, chap. 436), of the crime of neglecting to furnish food, clothing, shelter and medical attendance to three children under the age of sixteen years, of whom the defendant is the father, a crime specified in subdivision 1 of section 482 of the Penal Law, especially where it does not appear either from the indictment or proof that the children of the defendant are delinquent or neglected minors, for the jurisdiction of the Children's Court is limited by section 18 of article 6 of the Constitution, as amended in 1921, to the punishment and correction of adults responsible for or contributing to the delinquency, neglect or dependency of minors.

McCANN, J., dissents.

21

Appeal by the defendant, Leon E. De Pue, from a judgment of the Children's Court of the county of Broome, rendered on the 12th day of December, 1925, convicting him of the violation of subdivision 1 of section 482 of the Penal Law.

*Vere H. Multer,* for the appellant.

*Urbane C. Lyons* [*Frank L. Wooster* of counsel], for the respondent.

H. T. Kellogg, J. The defendant, after a trial in the Children's Court of Broome county, N. Y., was adjudged by the court to have been guilty of a violation of subdivision 1, section 482 of the Penal Law in that he neglected to furnish food, clothing, shelter and medical attendance to three children under the age of sixteen years, of whom he was the father. Section 482 of the Penal Law provides in part as follows: "A person who: 1. Wilfully omits, without lawful excuse, to perform a duty by law imposed upon him to furnish food, clothing, shelter or medical attendance to a minor * * * is guilty of a misdemeanor." The jurisdiction of the Children's Court over the offense charged is sought to be substantiated by subdivision 4 of section 5 of the Children's Court Act (Laws of 1922, chap. 547, as amd. by Laws of 1924, chap. 436) which in part reads as follows: "Except as herein otherwise provided, the court shall have original jurisdiction to hear, try and determine all cases less than the grade of felony which may arise against any parent or other adult responsible for or who contributes to the delinquency of or neglects any child." The validity of these provisions in turn depends upon the provisions of article 6, section 18, of the Constitution of the State, as amended in 1921. It is therein provided that the Legislature may establish Children's Courts and "may confer upon them such jurisdiction as may be necessary for the correction, protection, guardianship and disposition of delinquent, neglected or dependent minors, and for the punishment and correction of adults responsible for or contributing to such delinquency, neglect or dependency, * * *." In *People* v. *Hopkins* (208 App. Div. 438) we said: "Jurisdiction which may be given is limited to matters affecting 'delinquent, neglected or dependent minors,' and to the 'punishment and correction of adults responsible for or contributing to such delinquency, neglect or dependency.' Legislation conferring jurisdiction in excess of that specified would to that extent be unconstitutional." It was not charged in this indictment or proven on the trial that the children of this defendant were "delinquent" or "neglected" minors. A "neglected" minor is clearly one who suffers from neglect and is in a state of want. It is neither charged nor proven that the children in question so suffered or were in such a state.

It is true that subdivision 4 of section 5 of the Children's Court Act purports to give to the Children's Court jurisdiction over an offense by a parent who "neglects" any "child." If this provision be understood to provide jurisdiction over a parent who has offended against the provisions of section 482 of the Penal Law in that he has neglected "to furnish food, clothing, shelter or medical attendance to a minor," regardless of the question whether such minor is in a state of need, it is an unconstitutional provision. We hold that the Children's Court had no jurisdiction over this defendant in that he was not an adult "responsible for or contributing to" the "delinquency, neglect or dependency" of minor children.

The judgment should be reversed and the defendant ordered discharged.

All concur, except McCANN, J., dissenting.

Judgment of conviction reversed on the law and the defendant ordered discharged from custody.