JULIA LaRocca, Complainant, *v.* FRANK LaRocca, Respondent.

Children's Court, Westchester County, September, 1932.

*Morris Rosenwasser,* for the complainant.

*Louis J. Barrish,* for the respondent.

SMYTH, J. This is a proceeding brought by respondent's wife under subdivision 2 of section 6 of the Children's Court Act of the State of New York (Laws of 1922, chap. 547, as amd. by Laws of 1930, chap. 393) to compel him to contribute to the support of their child, now twelve years of age.

Respondent contends that this court is without power to enter a decree compelling a parent to support his child, unless it appear that the child is actually in want or likely to become a public charge. He further contends that as the child's needs have been provided for in the manner hereinafter related, the facts essential to confer jurisdiction upon this court are missing.

Reliance is placed on *People* v. *DePue* (217 App. Div. 321). The opinion holds in part that the provisions of the Children's Court Act purporting to confer jurisdiction over a parent who neglects his child are unconstitutional, if construed to confer jurisdiction in cases where the child is not actually in need. The applicable portion of the Constitution, article 6, section 18, confers jurisdiction over Children's Courts " for the punishment and correction of adults responsible for or contributing to such delinquency, neglect or dependency, * * *." The statement in the opinion was made with reference to a prosecution under section 482 of the Penal Law, commenced in the. Children's Court pursuant to subdivision 4 of section 5 of chapter 547 of the Laws of 1922, now section 6, subdivision 4, of the Children's Court Act, which provides for the prosecution in said court of offenses less than the grade of felony which may arise against a parent who neglects a child.

The instant case, however, was brought under subdivision 2 of section 6 of the Children's Court Act and differs entirely in nature and purpose from a criminal proceeding. Said subdivision provides that " Whenever the welfare of a child under the jurisdiction of the court is involved, the children's court in each county shall have within such county exclusive original jurisdiction, * * * to inquire into, hear and determine the liability of any person * * * who * * * wilfully fails to provide for the proper maintenance of his wife or child * * *; of any person charged with abandonment or non-support of a wife or child; * * *." It is further provided that the court may take evidence in any such hearing or proceeding and render judgment thereon; that if judgment be rendered affirming such liability, the court may examine into the ability of any such person or persons adjudged liable to pay for the maintenance, in whole or in part, of such wife or child, and if satisfied that such person is able to contribute toward their support, may by order require of any such person the weekly payment toward their maintenance or support of such sum of money and in such

manner as the court shall deem fair and equitable, and may require security to be given.

These provisions are in harmony with that portion of said section of the Constitution (Art. 6, § 18) which provides for the establishment of Children's Courts and Courts of Domestic Relations with jurisdiction " to compel the support of a wife, child, or poor relative by persons legally chargeable therewith who abandon or neglect to support any of them." The difference between this portion of the applicable section of the Constitution and the portion thereof quoted in the *DePue* case, and between the two types of proceedings is at once apparent. The one is a criminal prosecution, the object of which is to punish by fine or imprisonment persons who have been guilty of certain offenses against children, whereas the other is a proceeding civil in its nature, which looks to the future, and provides a method, whenever the welfare of a child is concerned, of securing future support for the child from a parent who has willfully failed to provide for its proper maintenance or who has been guilty of abandonment or non-support.

Therefore, section 6, subdivision 2, of the Children's Court Act is not unconstitutional. Nor is it required under said section that it appear that the child is liable to become a public charge. Said section differs materially from the provisions of the Code of Criminal Procedure, sections 899–902, under which an adjudication of disorderly person is required, to sustain which the courts have repeatedly held that the evidence must show that the child is in want or liable to become a public charge. Under the Children's Court Act jurisdiction is expressly declared to depend upon whether the welfare of a child is involved. Thus the welfare of the child is made the paramount consideration, whereas under the provisions of the Criminal Code it is the interests of the public which are to be safeguarded. Furthermore, the Children's Court Act, section 6, subdivision 2, provides that proceedings under said subdivision shall be in the nature of a civil proceeding, and that a judgment of disorderly person shall not be required to authorize the making of an order. It is clear, therefore, that it is not necessary in the Children's Court to prove that a child is in actual want or liable to become a public charge. It is sufficient if it appear that the welfare of the child is involved in the proceeding before the court.

In the instant case it appears that for six years last past the respondent has lived separate and apart from his wife and contributed nothing towards her support or the support of his child. During that period the complainant wife has managed to support the child with the aid of her relatives. She was employed in a factory each and every day for several years and more recently

has been employed as a domestic servant, giving full time to such service and sleeping at her employer's home. Thus the child has been deprived of the companionship, care and affection of her mother during the larger part of the time and of the benefit of being reared under her personal supervision and watchful care. The fulfillment by the respondent of his duty through the past years would have preserved these advantages for the child. His partially relieving his wife of the burden of supporting the child in the future would insure to her some part of the mother's watchful care and affection during her adolescent years. Furthermore, the mother finds that her resources, despite her best efforts, are inadequate to meet the needs of this growing child. The law does not require the mother to support the child while the father lives, except under the Public Welfare Law, when the child is a pauper, (*Gladding* v. *Follett*, 2 Dem. 58; affd., 30 Hun, 219; affd., 95 N. Y. 652.) The father's liability continues during the separation of the parents if he permits the child to remain with the wife. (*Haskell* v. *Haskell*, 201 App. Div. 414; affd., 236 N. Y. 635.) The welfare of the child is involved in securing a permanent provision for her support, under the circumstances here described, from the one legally obligated to furnish same. Respondent is, therefore, adjudged liable.

Upon the inquiry which the court is required to conduct subsequent to such adjudication, I find that the respondent has the ability which the statute contemplates. His present financial ability is not the sole or complete test. He possesses a potential earning power which, if accompanied by a will to work and desire to support his child, may be translated into a present financial ability to do so. An order will be entered directing him to pay seven dollars per week, security will be waived temporarily and respondent will be placed on probation.