THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* IVAN WITCHLEY, Appellant.

County Court, Oneida County, November 13, 1935.

*Harry N. Harrington,* for the appellant.

*John J. McGinty, District Attorney [Theodore Davies, Assistant District Attorney],* for the respondent.

HANAGAN, J.   The defendant was convicted in Justice's Court in the town of Camden, Oneida county, of a violation of subdivision 1 of section 899 of the Code of Criminal Procedure, in that he neglected to provide for his wife and family according to his means and left them in danger of becoming a burden upon the public.

The appellant contends that the justice of the peace was without jurisdiction in this matter and that the Children's Court of Oneida county had exclusive jurisdiction to try and determine the offense.

By an amendment to section 18 of article 6 of the State Constitution, adopted in 1921, it was provided: " The Legislature may establish Children's Courts, and Courts of Domestic Relations, as separate courts, or as parts of existing courts or courts hereafter to be created, and may confer upon them such jurisdiction as may be necessary for the correction, protection, guardianship and disposition of delinquent, neglected or dependent minors, and for the punishment and correction of adults responsible for or contributing to such delinquency, neglect or dependency, and to compel the support of a wife, child, or poor relative by persons legally chargeable therewith who abandon or neglect to support any of them.   In conferring such jurisdiction the Legislature shall provide that whenever a child is committed to an institution or is placed in the custody of any person by parole, placing out, adoption, or guardianship, it shall be so committed or placed, when practicable, to an institution governed by persons, or in the custody of a person, of the same religious persuasion as the child.   In the exercise of such jurisdiction such courts may hear and determine such causes with or without a jury, except those involving a felony."   The Children's Court Act was enacted by the Legislature in 1922.

Subdivision 4 of section 6 of the Children's Court Act (Laws of 1922, chap. 547), as now amended, provides: " Except as herein otherwise provided, the court shall have original jurisdiction to hear,

try and determine all cases less than the grade of felony which may arise against any parent or other adult responsible for or who contributes to the delinquency of or neglects any child."

In *People* v. *Hopkins* (208 App. Div. 438), on the question of jurisdiction of Children's Courts, the court said: "Jurisdiction which may be given is limited to matters affecting 'delinquent, neglected, or dependent minors,' and to the 'punishment and correction of adults responsible for or contributing to such delinquency, neglect, or dependency.' Legislation conferring jurisdiction in excess of that specified, would to that extent be unconstitutional."

The defendant in this case is not an adult " responsible for or contributing to " the " delinquency, neglect, or dependency " of minor children. The Children's Court has no jurisdiction over the defendant in the matter of the offense charged herein. (*People* v. *DePue*, 217 App. Div. 321.)

The justice of the peace, upon conviction of the defendant as a disorderly person, thereupon by warrant committed the defendant to the Onondaga County Penitentiary for a term of three months at hard labor or until he gave the security required. The justice of the peace was in error in this commitment. Section 903 of the Code of Criminal Procedure provides that the defendant must be committed to the county jail. An order may be prepared modifying the sentence to thirty days in the Oneida county jail, and affirming the judgment of the Justice's Court in all other respects.