In the Matter of August Weise, Defendant.

Children's Court, Westchester County, November 5, 1948.

*Milton Bensky* for defendant.

SMYTH, J. This is a motion by the defendant to vacate a judgment of conviction rendered pursuant to subdivision 4 of section 6 of the Children's Court Act, under section 494 of the Penal Law. The judgment was founded upon a plea of guilty entered by the defendant on June 15, 1948. He was advised of his right to counsel, and the nature of the charge was explained to him, and he chose to enter a plea of guilty and to waive representation by counsel. The matter was adjourned to June 29th for sentence. On that date he was represented by his present attorney, and after counsel's statements were heard and considered, the court suspended sentence, placed the defendant on probation, and as a condition of probation, ordered him to live separate and apart from his wife and children, and to pay

$35 per week for their support. The motion is made upon the theory that the court did not have jurisdiction on the ground, as I understand it, that the children should have been adjudged neglected before the filing of the petition against the adult or before the hearing in his case.

The petition was filed by the Westchester County Society for the Prevention of Cruelty to Children. It was based upon an examination of the wife before the Judge on the 11th day of June, 1948. The examination was reduced to typewriting and was signed and sworn to by her before the Judge on said date as required by law (*People* v. *Smith,* 266 App. Div. 57). The court has jurisdiction in such cases (*Matter of Humann* v. *Rivera,* 272 App. Div. 352).

Obviously, on the basis of the facts which were in effect admitted by the plea of guilty, the children were in need of the care and protection of the State to shield them from the indecent conduct and language of the stepfather. The sole question presented is whether an adjudication of neglect of the children was a prerequisite to the conviction of defendant. The wording of section 494 of the Penal Law is clear. The first sentence provides that " A parent, guardian or other person having custody of a child   *   *   *   who omits to exercise reasonable diligence in the control of the child to prevent such child from becoming guilty of juvenile delinquency as defined by statute, or from becoming adjudged by a children's court in need of the care and protection of the state as defined by statute,   *   *   *   shall be guilty of a misdemeanor." Obviously under that sentence an· adjudication of neglect would be a prerequisite, whereas a prior adjudication of delinquency would not be. The latter part of section 494 provides on the contrary that " any such person or any other person who either knowingly or wilfully is responsible for, encourages, aids, causes, or connives at, or who knowingly or wilfully does any act or acts to produce, promote or contribute to the conditions which cause such child to be adjudged guilty of juvenile delinquency, or to be in need of the care and protection of the state,   *   *   *   shall be guilty of a misdemeanor." Under that sentence adjudication of delinquency is a prerequisite, but the intent as to neglect is not entirely clear. We are aided in determining the question by the fact that adjudication of delinquency is required under one sentence, but not under the other. It is not difficult to accept the conclusion therefore, that the Legislature intended to similarly provide respecting neglect. The punctuation further

aids us. If the sentence second above considered read: " or who knowingly or wilfully does any act or acts to produce, promote or contribute to the conditions which cause such child to be adjudged guilty of juvenile delinquency or in need of the care and protection of the state," I think the adjudication that the child was in need of care and protection might have to be made. But where the comma is inserted after the words " juvenile delinquency ", and the words " to be " are inserted, so that the sentence reads, " who knowingly or wilfully does any act or acts to produce, promote or contribute to the conditions which cause such child to be adjudged guilty of juvenile delinquency, or to be in need of the care and protection of the state," I think it is clear that the intention was otherwise. We must assume that the Legislature had some sound reason and that the language was deliberately chosen. With respect to contributing to the delinquency of the child under the sentence second considered, it has been held that the adjudication of juvenile delinquency need not precede the filing of the petition against the adult (*People* v. *Dritz,* 259. App. Div. 210), but it should be noted that the boy was actually adjudged delinquent in a separate proceeding, before the defendant was tried. And in *Matter of Humann* v. *Rivera* (*supra*) the judgment of juvenile delinquency preceded the filing of the petition under section 494. No appellate court has yet held, however, that a separate adjudication of delinquency or neglect must precede such trial or conviction of the adult contributor in all cases. It seems to me quite reasonable and consistent with the wording of section 494 to hold, that in certain situations the trial of the adult may include a determination by the court that a child became delinquent or in need of the care and protection of the State, whereas in other situations, a prior adjudication of delinquency or neglect must occur.

*People* v. *Hopkins* (208 App. Div. 438) is not controlling. In that case it was held that an adult could not be prosecuted in the Children's Court for the misdemeanor of contributing to the delinquency of a child where it did not appear that the child was delinquent. The Constitution limits Children's Courts to the care and protection of dependent, neglected and delinquent children and to the prosecution and punishment of those who give rise to such conditions. Hence, when the defendant's acts amounted merely to a threat against the security of the child the Children's Court had no jurisdiction. A neglected child is defined by subdivision 4 of section 2 of the Children's Court

Act as, among other things, a child who is under such improper guardianship or control as to injure or endanger the morals or health of himself or others. No argument is required to show that under the facts and circumstances alleged in the petition and affidavit and conceded to be true by the plea of guilty, the children were neglected as defined by law. Thus, they were in need of the care and protection of the State and the conditions contemplated by the express wording of section 494 of the Penal Law have been proven to exist. The sentence imposed by the court provides that care and protection for the children. It directs the defendant to live separate and apart from his family and to support them, thus ridding them of the presence of the one who by his indecent language and actions has rendered them in need of the care and protection of the State. It would be an idle formality, it seems to me, to require that a petition be filed on behalf of the children as neglected children. Doubtless the Legislature had that in mind. Upon adjudging the children neglected in such proceeding, the court could not proceed as effectively for their care and protection as it might in this direct proceeding against the stepfather. In the proceeding involving the minors, the court could remove them from the home and place them with a public board or department or in a proper institution. But under the method which has been followed here, the court has the more effective means of removing the offender from the home and leaving these children under the care of their mother who has sought for them the protection of the court. This, it seems to me, is a more sensible, humane and effective method.

I hold, therefore, that the court had the power to entertain this proceeding, even though there had been no prior adjudication that the children are in need of the care and protection of the State, it having been proven or admitted that the children are in fact in need of the care and protection of the State.

Motion to vacate denied.