THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VINCENT LA SPADA, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, First Department, January 8, 1952.

*Herman Elkins* for appellant.

*Frank S. Hogan, District Attorney (Richard G. Denzer* and *Paul A. Stone* of counsel), for respondent.

*Alyce E. Maloney* and *Albert Viault* for Rita La Spada, complainant, *amicus curiæ.*

OLIVER, J. The parties, Rita La Spada and Vincent La Spada married in December, 1945, separated in August, 1949. There are two children of the marriage. At the time of separation the wife started a separation action in the Supreme Court. A final decree, in the absence of the husband, was entered on March 10.

1950, against the husband, who was ordered to pay the plaintiff $50 a week for the support of herself and children. The plaintiff was awarded the custody of the children.

On August 13, 1951, the plaintiff secured a bench warrant from a City Magistrate against her husband for violation of subdivision 1 of section 899 of the Code of Criminal Procedure as a disorderly person in that he failed to provide for her and her children according to his means. He was in default of payments ordered in the separation decree. A trial was held on August 28, 1951, before a City Magistrate. The defendant was found guilty and was ordered to post a bond of $1,000. The bond ordered and posted was not a bond to pay according to the terms of the statute under which he was convicted but an appearance bond.

The case on appeal, however, does not turn upon the technicalities of the trial which was ably and patiently conducted nor upon the form of the bond. The question in the case is " Did the Magistrate have power to issue a warrant and try the defendant as a disorderly person? "

Prior to September 30, 1933, the Domestic Relations Court was an integral part of the Magistrate's Court. All actions for the prosecution of persons as disorderly persons were tried by magistrates sitting as judges in this branch of the Magistrate's Court. However, the Domestic Relations Court was taken from the Magistrate's Court on September 30, 1933, and established by law as a separate court to be known as the "Family Court." Section 4 of that act contains the following clause, " and the powers and duties of city magistrates in all boroughs of said city to deal with cases involving the support of a wife, child or poor relative shall cease and determine." Sections 91 and 92 of article 1 of title III of the same act define more fully the exclusive jurisdiction of the Domestic Relations or Family Court in a prosecution of this nature. By the terms of this statute a justice of the Domestic Relations Court is also a magistrate.

It is unnecessary for this court to pass upon the many questions raised in the appeal. We hold that since the adoption of the New York City Domestic Relations Court Act a City Magistrate has no jurisdiction to try a nonsupport case such as the instant action but should refer such matters to the court especially and exclusively designated by law to hear and determine such complaints.

Accordingly the judgment is reversed and the bond discharged.

MORRISSEY and BYRNE, J.J., concur.

Judgment reversed, etc.