Francis J. Donovan, J.
This is a proceeding under subdivision 1 of section 899 of the Code of Criminal Procedure against a father who is alleged to have neglected to provide for his wife and child according to his means. The proceeding came on for trial and the court ordered a payment of $20 weekly. A bond was required and the matter adjourned to give defendant an opportunity to furnish the bond.
The defendant has not raised a question of jurisdiction. However the court entertained serious doubt as to its jurisdiction, and on its own motion, took the question under consideration.
Question: Does the Children’s Court of Nassau County have exclusive jurisdiction of support proceedings completely preempting the District Court of Nassau County in the cases enumerated in section 30 of the Children’s Court Act?
It will be helpful first to state the general nature of the several remedies available in the case of defaulting husbands and fathers. There are civil proceedings. The essential purpose of such proceedings is to provide for the future rather than punish for the past (La Rocca v. La Rocca, 144 Misc. 737). In this category are proceedings in the Children’s Court and proceedings in the Supreme Court incidental to annulment, divorce and separation actions.
The second category comprises criminal proceedings on charges of misdemeanor or felony under the Penal Law. The purpose of these proceedings is to punish for past conduct.
The proceeding under section 899 of the Code of Criminal Procedure is a hybrid — partly civil, partly criminal. It is an archaic proceeding originating in antiquity. The categories of disorderly persons are substantially the same as they were a century ago (People ex rel. Sloane v. Fallon, 27 Misc. 16 ; L. 1833, ch. 11, § 7 ; Rev. Stat. of N. Y. [1829], part I, ch. 20, tit. 5).
By contrast with the modern remedy provided in the Children’s Court Act, it is cumbersome in prosecution and rigid and unsat *1000 isfactory in- enforcement. In the year 1903, Supreme Court J ustice Gaykos, said the antiquity of the statute" was probably all that saved it-from unconstitutionality (People ex rel. Forster v. Warden, 39 Misc. 700).
Section 30 of the Children’s Court Act provides: “ In addition to the powers prescribed by section six of this chapter, the children’s court shall have: 1. Jurisdiction within the county to hoar- and determine all proceedings to compel the support of a minor child; 'step-child; wife, if pregnant, or if the support of her minor child or step-child is involved; or minor poor relative ”. (Emphasis supplied.)
In Langerman v. Langerman (303 N. Y. 465) the court construed similar language in the Domestic Relations Court Act of New York City to constitute a grant of exclusive jurisdiction, saying at page 472: “ Section 91 of that act provides in part-as follows: ‘ The family court shall have (1) Jurisdiction within the city to hear and determine- all proceedings to compel the support of a wife, child or poor relative * * V (Emphasis supplied.) We have said that the word £ all ’ as used in section 91 means just that. In Matter of Franklin v. Franklin (295 N. Y. 431, 433), we said ‘ Within the city of New York, jurisdiction to hear and determine all proceedings to compel the support of a wife is given to the Family Court — a division of the Domestic Relations Court of the city. .(See Domestic Relations Court Act of the City of New York, §§ 5, 91.) ’ (Emphasis supplied.) The Family Court has exclusive jurisdiction under section 91 and subdivision 1 of section 137 to hear and determino all proceedings to compel the support of a child whether the parents have or have not been validly divorced.”
Since the Langerman case did not involve a'disorderly person charge, it may be contended that the decision does not apply to the precise question here presented.
It is evident that the grant' of exclusive jurisdiction of enumerated support proceedings to the Children’s Court did not oust' the criminal courts of jurisdiction of cases essentially criminal in nature, i.e., misdemeanors and felonies predicated in part on neglect of a father to provide for his family (People v. De Pue, 217 App. Div. 321).
The De Pue case was cited in People v. Witchley (157 Misc. 237) to support the jurisdiction of a Justice of the Peace in a proceeding under section 899 of-.-the Code. The Witchley case, however, has no persuasive- force today. The court there assumed too readily that the proceeding under section 899 of the Code was, for all purposes, a criminal proceeding and the decision was prior to the 1942 enactment of article III-A of the *1001 Children’ti Court Act. Furthermore, the decision is squarely in conflict with the unequivocal statement of the Court of Appeals in the Langerman case. Surely a jurisdiction that is so exclusive as to negate the jurisdiction of a court of record and general jurisdiction should suffice to negate the jurisdiction of a court not of record and having a limited jurisdiction.
The proceeding under section 899 of the Code comes in two parts. The magistrate must first be satisfied by confession or testimony that the defendant has neglected to provide for the wife or child. He may then require the defendant to post a bond to secure future weekly payments. While criminal in form, the proceeding, up to this point is, in essence, civil. It has a purpose identical with the Children’s Court support proceeding : to provide for the future rather than punish for the past. This conclusion is reinforced by the statutory requirement that the defendant be discharged if the bond is furnished (cf. People v. Warden, supra ; People ex rel. Van Houton v. Sadler, 97 N. Y. 146 ; 1927 Atty. Gen. 119).
The proceeding changes character if the bond is not filed. Only then can the defendant be punished by conviction and sentenced as a disorderly person. The split nature of the proceeding is paralleled by the procedure whereby a person violating an order of support of the Children’s Court may be punished in a criminal court under section 482 of the Penal Law. (People v. Rogers, 248 App. Div. 141, affd. 272 N. Y. 612.)
The jurisdiction of the Nassau County District Court in the first phase of a proceeding under section 899 of the Code clearly embraces the identical subject matter that is the exclusive domain of the Children’s Court, namely, an inquiry and adjudication to secure future support. The second phase of the proceeding becomes an obsolete appendage replaced by the broad enforcement powers conferred on the Children’s Court by article ill-A of the Children’s Court Act.
The legislative intent to carve out the obsolete magistrate’s jurisdiction under section 899 of the Code and replace it with the modern Children’s Court procedure is apparent from the history of the Domestic Relations Court Act of New York City.
The Children’s Court Act differs in some specific matters from the Domestic Relations Court Act of New York City, but it generally parallels the latter act in relation to support proceedings.
Prior to the formation of the Family Court Division of the Domestic Relations Court, there had been a Family Court Division in the Magistrates’ Courts of New York City. Upon the formation of the Family Court Division of the Domestic Rela *1002 tions Court, all cases formerly dealt with by the Family Court Division of the Magistrate’s Court were transferred to the new court (Semaria v. Semaria, 179 Misc. 653).
The Magistrate’s Court of the City of New York no longer has jurisdiction of support proceedings under section 899 of the Code. Exclusive jurisdiction of such matters is vested in the Domestic Relations Court (People v. La Spada, 200 Misc. 913). The only jurisdiction that the Nassau County District Court could assert in support proceedings is the jurisdiction under section 899 of the Code. (We are not here concerned with the misdemeanor jurisdiction under the Penal Law. That jurisdiction is unquestioned.)
Section 234 of the Nassau County District Court Act (L. 1939, chs. 274,718, 719,720) expressly provides that nothing in that act shall be construed to confer upon the District Court jurisdiction of proceedings of which the Children’s Court has jurisdiction.
The Nassau County District Court has no jurisdiction over support proceedings within the categories set forth in the Children’s Court Act. The information is dismissed for lack of jurisdiction.