Frank A. Gtjlotta, J.
This is an application for a certificate of reasonable doubt, which is authorized only after conviction in a criminal case. (Matter of Giroffi, 283 App. Div. 890.) Both *1032 sides have candidly admitted they are in doubt as to whether this is the proper remedy because they are unable to conclude whether article II-A (L. 1960, ch. 770, eff. April 21,1960) of the Nassau County District Court Act (L. 1939, chs. 274, 718, .719, 720) under which the defendant was tried, is a penal or civil' statute. They ask for a clarification and determination of the-purpose, intent and meaning of that statute.
The District Attorney’s office has made what it terms a cross motion, pursuant to section 527 of the Code of Criminal Procedure, but which in fact is nothing more than a motion to deny respondent’s instant application.
This is a case of first impression and the history and circumstances under which it was enacted may throw light on the construction to be given it.
Prior to a recent decision by a Judge of the District Court of Nassau County (see People v. Kenneweg, 28 Misc 2d 999), cases brought to compel support for a wife and minor children, were instituted either in the Children’s Court under article 111-A of the Children’s Court Act or in the Nassau County District Court under section 899 of the Code of Criminal Procedure.
The former are regarded as civil proceedings, and appeals generally are taken to the Appellate Division of the Supreme Court, although an order for support only may be appealed to the Supreme Court (i.e., Special Term) in the county where the Children’s Court is located (see Children’s Court Act, § 43). On the other hand, a violation of section 899 of the code is an offense and prosecutions thereunder are special proceedings of a criminal nature (People ex rel. Comrs. v. Cullen, 151 N. Y. 54 ; People ex rel. Stolofsky v. Superintendent, 259 N. Y. 115 ; People v. Chlebowy, 191 Misc. 768). This is further attested to by the fact that such proceedings are brought before a Magistrate and section 903 of the code requires the Magistrate to make and file a certificate of conviction in the County Clerk’s office “which constitutes the record of conviction ’ ’. Likewise they are prosecuted in the name of the People of the State of New York whdeh would indicate their criminal nature (Code Crim. Pro., § 6; Civ. Prac. Act, § 6; General Construction Law, § 18-a). Appeals from such a conviction are taken to the County Court under section 251 of the Nassau County District Court Act.
In providing for appeals in civil cases section 190 of the Nassau County District Court Act merely provides for an appeal to the Supreme Court without other specification. However, rule 1 of the Appellate Term Buies of the Second Department and rule XXII of the Nassau County District Court Buies *1033 indicate that this means the Appellate Term, whose full title is of course, Appellate Term of the Supreme Court.
The message of the Governor which accompanied chapter 770 of the Laws of 1960 (entitled Support Proceedings, referred to above as article II-A of the Nassau County District Court Act) makes it clear that he understood the enactment to confer concurrent jurisdiction on the Nassau County District Court to hear and determine civil proceedings to compel support of a wife, a minor child, or both, in like manner as may be done by the Children’s Court. A perusal of the new sections, paralleling as they do the provisions of the Children’s Court Act almost, word for word, reinforces this conclusion. (Cf. Nassau County District Court Act, § 2-55-a, Powers, with Children’s Court Act, § 30-a and various other sections. See, also, Nassau County District Court Act, § 255-e, and Children’s Court Act, § 31-d, which require that the parties be Imown as petitioner and respondent, and not.as complainant and defendant, again indicating a purpose to treat the proceeding as a civil proceeding.)
However, the appeal section of the Children’s Court Act occurs in article V entitled General Provisions, many of which are inappropriate for the District Court, and the borrowing of provisions from this act stops short of that point.
It seems to me that the failure to deal specifically with appeals in the new act was at most an oversight, and cannot be regarded as an affirmative determination to have appeals from these District Court support orders treated differently than they would be under the Children’s Court Act.
The draftsmen of the act may have considered that they had sufficiently indicated- an intention to use the same appellate procedure in both instances when they provided in section 255-y that the procedures in the District Court under article II-A shall conform as nearly as may be to the procedures existing at the time in like eases in the Children’s Court.
Considering next whether respondent’s appeal should be treated as an. ordinary District Court civil appeal, and therefore be taken to the Appellate Term of the Supreme Court, section 255-z'seems to indicate that it should not. This section adopts by reference the general provisions of article 3 of the District Court Act in toto starting at section 260; and this may be deemed a pointed reference not to include section 190 contained in article I, and as noted above, dealing with appellate practice.
Section 255-w which permits transfer of all proceedings pending in the Children’s Court, falling within the jurisdiction of the new article, to the District Court, and which provides further *1034 that they be placed on the civil calendar of that court, can only mean that the District Court was being given additional civil jurisdiction, not that its quasi-criminal jurisdiction under section 899 of the Code of Criminal Procedure was being extended.
For these reasons I conclude that the jurisdiction of the District Court under the new article II-A is civil and that the appeal procedure applying to same is that set forth in section 43 of the Children’s Court Act.
Accordingly the motion for a certificate of reasonable doubt is denied, without passing upon the merits of respondent’s appeal, and the cross motion is denied as surplusage.
The stay heretofore granted by Justice Meyer will be continued provided the respondent pays $35 per week, and provided further that an appeal, in accordance with this opinion, is prosecuted expeditiously. [See 24 Misc 2d 489.]