THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ALBERT PEARY, Respondent.— Order of the County Court of Kings county granting defendant's motion to dismiss an indictment charging carnal abuse of a child and assault in the second degree reversed on the law and the facts, motion denied and indictment reinstated. What transpired before a magistrate on a preliminary hearing is not a pertinent consideration on a motion to dismiss an indictment as being unsupported by legal evidence where such matters are not adduced before the

grand jury. Section 392 of the Code of Criminal Procedure has no application to this case, which concerns an indictment founded upon the sworn testimony of a child who was preliminarily examined and found to understand the nature of an oath. There was at least slight evidence of corroboration of her story. The evidence before the grand jury was *prima facie* sufficient to establish the offense charged within section 258 of the Code of Criminal Procedure; the testimony adduced being uncontradicted and unexplained. The cases relied upon to justify the dismissal of this indictment were cases where the testimony of children was evaluated in the light of the defendant's version of the incident and of other evidence adduced on his behalf. In such a situation it may well be that a defendant's guilt may not be deemed to be established beyond a reasonable doubt; yet the selfsame evidence adduced on behalf of the complainant before the grand jury, without the defendant's version or evidence adduced on behalf of the defendant, would be *prima facie* sufficient to establish the offense charged. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.