The People of the State of New York, Plaintiff, *v.* Kenneth Belcher, Defendant.

County Court, Rensselaer County, March 15, 1948.

*Earle J. Wiley, District Attorney (Edward J. Poland* of counsel), for plaintiff.

*John P. Judge* for defendant.

HAMM, J. This is an appeal from a judgment of conviction of violation of section 483-b of the Penal Law entitled: " Carnal abuse of a child ten years of age and less than sixteen." The case was tried in the Police Court of the City of Troy without a jury.

It is conceded that no more corroboration is required for a verdict of guilty of the commission of this misdemeanor than for a verdict of guilty of commission of any other misdemeanor.

It is contended, however, that the uncorroborated evidence of the complainant, a girl eleven years of age, was insufficient to establish the defendant's guilt beyond a reasonable doubt.

The complaining witness in this case was preliminarily examined and found able to understand the nature of an oath.

She testified that, after attending a birthday party at the defendant's residence, she entered the defendant's car at about six-thirty to be taken to her home in the defendant's automobile, that the defendant did not turn at the street where she requested him to turn, but on the contrary, drove by and said " Let's go on to Pleasantdale ", and that he kissed her, placed his hand on her breast and on her knee and made efforts to kiss her again.

Section 258 of the Code of Criminal Procedure provides: " The grand jury ought to find an indictment, when all the evidence before them, taken together, is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury." In *People* v. *Peary* (249 App. Div. 851) an indictment was reinstated which had been founded on the sworn testimony of a child less than twelve years of age. The law is explicit that an indictment may be found only if the evidence, unexplained or uncontradicted, would warrant a conviction by the trial jury. It follows that it cannot be held as a matter of law that no conviction of a misdemeanor may be had on the uncorroborated testimony of a child under twelve who has been duly examined and sworn.

*People* v. *Churgin* (261 N. Y. 661), relied on by the defendant, was a case where the complainant's testimony was evaluated in the light of the testimony of the defendant and of the defendant's witnesses and in which the whole state of the evidence could not be deemed to establish the defendant's guilt beyond a reasonable doubt.

Moreover, in the instant case, there was corroborating evidence other than the complainant's testimony: the defendant's admission that he did not turn at 122d Street as requested by the complainant, the statement of the assistant chief of police that the defendant at a time shortly after the events complained of admitted he had been drinking, the complainant's mother's testimony that the complainant was " crying and shaking " on her arrival at home and the defendant's statement that he let the complainant out of his automobile at a point other than in front of her home.

The guilt or innocence of the defendant is not to be decided by this court. This court may decide only whether the evidence

in Police Court was sufficient to warrant a conviction. The Police Justice as trier of the facts heard the testimony and observed the demeanor of the witnesses. This court cannot hold that the evidence before him was insufficient to warrant his being satisfied beyond a reasonable doubt of the defendant's guilt.

As the District Attorney has made no objection to the failure to comply with the provisions of section 751 of the Code of Criminal Procedure, the case has been considered on the merits.

The judgment is affirmed on the law and the facts.