THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH BELCHER, Appellant.

Argued May 19, 1949; decided July 19, 1949.

*John P. Judge* for appellant. I. The prosecution did not show beyond a reasonable doubt, the guilt of appellant, and the judgment of conviction was erroneous and contrary to law and the evidence. (*People* v. *Churgin,* 261 N. Y. 661; *People* v. *Wackstein,* 269 App. Div. 950; *People* v. *Amerise,* 274 App. Div. 897.) II. The good character of a defendant is of itself a sufficient fact from which a reasonable doubt may arise, which will entitle him to an acquittal. (*People* v. *Colantone,* 243 N. Y. 134; *People* v. *Roach,* 215 N. Y. 592; *People* v. *Conrow,* 200 N. Y. 356; *People* v. *Smith,* 162 N. Y. 520; *People* v. *Fitzgerald,* 156 N. Y. 253.)

*Earle J. Wiley, District Attorney,* for respondent I. The guilt of defendant was established beyond a reasonable doubt. (*People* v. *Klein,* 266 N. Y. 188; *People* v. *Tanaglea,* 241 App. Div. 823; *People* v. *McKenzie,* 29 N. Y. S. 2d 116; *People* v. *Peary,* 249 App. Div. 851.) II. Evidence of good character may of itself raise a reasonable doubt as to the guilt of defendant but is not conclusive as to his innocence.

BROMLEY, J.   Kenneth Belcher has been convicted of violating section 483-b of the Penal Law, which provides that " Any person who carnally abuses the body of a child of the age of ten years and over and less than sixteen years of age, or who indulges in any indecent or immoral practice with the sexual parts or organs of any such child, in a manner other than by an act of sexual intercourse, shall be guilty of a misdemeanor ".

On his appeal we must determine whether the acts charged, and proved upon the trial, constitute an offense under the statute.

The complainant, eleven years of age and a classmate of defendant's daughter, attended a birthday party for the latter at defendant's home on an afternoon in June, 1947.   When the time arrived for her departure it was raining heavily and defendant's wife asked him to take the girl home.   At this point the several accounts of the afternoon diverge sharply.

Sworn as a witness, complainant testified that the defendant had proposed that they drive " ' on to Pleasantdale ' ", had kissed her and placed his hand " on my chest and on my knee ", and that she had left the car within a block of her home. Her mother testified that the girl arrived home from the party emotionally upset, and complained that defendant had " ' kissed me and put his hands on my breasts and put his hand under my dress.' " Defendant squarely denied the accusation, and introduced evidence to show that he had been absent from his home no more than five minutes, and that his reputation was good.

Assuming that the People's case has been established beyond a reasonable doubt, the conviction nevertheless cannot stand unless defendant can be said to have carnally abused the body of the girl.   The precise scope of the clause has never been determined in a reported decision in this State.   In other jurisdictions the term " carnal abuse " has been considered to signify physical violation of the sexual organs short of intercourse (*State* v. *Mac Lean,* 135 N. J. L. 491; *State* v. *Hummer,* 73 N. J. L. 714; and see *State* v. *Sebastian,* 81 Conn. 1, 8). Such a connotation would accord with the following most pertinent definitions of the words: carnal, " of or pertaining to the body as the seat of appetites   *   *   *   sexual "; abuse, " violation; rape; ravishment " (Webster's New International Dictionary).

The import of the statute must be considered also in light of its context — those provisions of the Penal Law relating to

similar sexual offenses. Prior to 1927, the statutory law concerning acts such as those of which defendant is accused was found in two provisions: section 244 of the Penal Law, under which any indecent familiarities would constitute assault in the third degree (see *People* v. *Gibson,* 232 N. Y. 458); and section 483, whereby one who willfully causes the morals of a child under sixteen to become depraved, or willfully places a child in such a situation that its morals are likely to be impaired, is guilty of a misdemeanor (*People* v. *Gibson, supra,* at p. 462). Practical difficulties in establishing the material elements of the latter offense (see *People* v. *Hopkins,* 208 App. Div. 438, and 1937 Report of N. Y. Law Revision Commission, p. 486) led to the enactment of section 483-b (L. 1929, ch. 684) and its companion provision that the crime shall be a felony if the child is under ten years of age (L. 1927, ch. 383). The customary significance of the terms " carnal abuse ", and the second clause of sections 483-a and 483-b, indicate clearly that the new provisions were to have a far narrower scope than the earlier statutes. It is unnecessary here to determine their precise range, for we agree that defendant's acts, if proved, would not amount to an offense under section 483-b.

The People urge that this appeal must be dismissed because on the appeal to the County Court defendant employed the notice provided for appeals from courts of general criminal jurisdiction (Code Crim. Pro., §§ 522, 523) rather than the affidavit required in this case by section 751 of the Code. The contention was not made below, and the appeal therefore was considered on the merits (191 Misc. 519, 522). Section 751 does not relate to defendant's right to appeal (see Code Crim. Pro., § 520), and manifestly is intended only to provide a method of appeal which will insure adequate notice to a district attorney who may not have participated in the trial (see Seventh Annual Report of N. Y. Judicial Council, 1941, p. 254). By failing to raise the point below, the District Attorney has waived his right to an affidavit of error.

The judgments should be reversed and the information dismissed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgments reversed, etc.