■ In the Matter of SHERWOOD MAGGIN, a Police Justice of the Village of Great Neck, Petitioner, against COUNTY COURT OF THE COUNTY OF NASSAU et al., Respondents.— Proceeding dismissed as a matter of discretion and not as a matter of law, with $50 costs and disbursements. Petitioner, a Police Justice of the Village of Great Neck, seeks to restrain the County Court and a County Judge of Nassau County from further consideration of, or acting or proceeding upon, an appeal from a judgment of conviction rendered by petitioner, as said Police Justice, on the ground that the appeal which was attempted to be taken to the County Court was not taken either in the manner or within the time prescribed by section 751 of the Code of Criminal Procedure. No issue is raised with respect to any material allegation of fact contained in the petition. For the purposes of this proceeding we shall assume that petitioner is aggrieved because he has been directed to file a return and because such direction may be enforced by attachment and, consequently, that he may apply for relief on the ground that the County Court lacks jurisdiction of the appeal. However, the County Court has decided that the appeal was taken within the time prescribed by law, and apparently no contention has been made by the District Attorney that the County Court lacks jurisdiction because the appeal was not taken in the manner prescribed by section 751 of the Code of Criminal Procedure. That question may still be raised, however, and in this proceeding we need not determine whether the defect may be, or has been, waived by the People (cf. *People* v. *Belcher*, 299 N. Y. 321, 324). In any event, it is our opinion that the respondents County Judge and County Court should not be prohibited from proceeding to consider and determine the appeal. If error has been, or is about to be, committed by the County Court in the determination of its jurisdiction in the premises, such error may be corrected on appeal by the People (Code Crim. Pro., § 520). The fact that the petitioner may suffer some inconvenience in filing a return does not require, nor in our opinion would it justify, the granting of the relief sought, even if it be assumed that the order directing the return was erroneously made. Until the return is filed and the appeal is decided, the People will be in no position to review the error of which petitioner complains. Present — Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ.