THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONOVAN BENNINGER, Appellant.— Appeal from a judgment of conviction of violation of section 483-b of the Penal Law of the State of New York. The defendant was convicted of the above section — carnal abuse of a child over 10 years and less than 16 years — on the testimony of a 13-year-old retarded child who stated that while alone in an automobile operated by the defendant and while lying on the front seat where the defendant was sitting, he took off her pants and that the defendant was sitting close to her. The occurrence is alleged to have taken place on the 3d day of November, 1959 in the Town of Ithaca, County of Tompkins. To sustain a conviction under section 483-b, the statute requires carnal abuse of the body of the child or indulging in any indecent or immoral practice with the sexual parts or organs of such child. That part of the indictment with which we are concerned alleged that the defendant " did expose her [child] private parts and his private parts and did feel her private parts with

his hands ". Suffice it to say that wherever the information was obtained for the purpose of preparing the indictment, it was not forthcoming at the time of the trial to substantiate these allegations. The other witnesses on behalf of the People in no essential way substantiated the charges. From such limited testimony we conclude there was an utter failure of proof to sustain the charges set forth in the indictment. (*People* v. *Salacuse*, 279 App. Div. 842.) The proof here is dependent solely upon her testimony which in itself does not meet the requirements of the statute. Under such circumstances, the operative facts necessary to constitute the crime are missing and the judgment of conviction cannot stand. (*People* v. *Belcher*, 299 N. Y. 321.) In view of our conclusions, it is not necessary to review the other alleged errors. Judgment of conviction on the law and facts reversed and indictment dismissed.