■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SANTO BLANDO, Appellant.— Motion by appellant to dispense with printing granted. The appeal will be heard on the original papers and on appellant's typewritten brief. Such brief shall comply with the rules of this court (Rules, App. Div., 2d Dept., rule I, subd. 7; rule IV, subd. 2-B). The appellant is directed to file six copies of his typewritten brief and to serve one copy on the District Attorney. The appellant's time to perfect the appeal is enlarged to the February Term, beginning January 27, 1964; appeal ordered on the calendar for said term. Motion by appellant for assignment of counsel denied. The appeal is from an order denying, without a hearing, appellant's *coram nobis* application. Appellant, therefore, either has in his possession a copy of the original papers to be used in the consideration of this appeal, or has full knowledge of the contents of such papers. [See *People* v. *Breslin*, 4 N Y 2d 73; *People* v. *Pitts*, 6 N Y 2d 288.] Beldock, P. J., Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. RICHARD P. CIPOLLINA, Respondent.— Appeals by the People from two orders of the County Court, Nassau County, each dated May 28, 1963. One order granted defendant's motions to inspect the Grand Jury minutes upon the basis of which the two indictments numbered 18346 and 18347 were found; the other order dismissed said indictments. Orders reversed, motions denied, and indictments reinstated. In these two indictments the defendant is charged, in various counts and with respect to three children under the age of 12 years, with commission of the crimes of sodomy in the first degree, assault in the second degree, carnal abuse of a child, and endangering the life, health and morals of a child. The indictments were founded upon the uncorroborated but sworn testimony before the Grand Jury of the alleged victims. In our opinion, the learned court below erred in holding that such testimony is, as a matter of law, insufficient to sustain the indictments (Code Crim. Pro., § 392; *People* v. *Porcaro*, 6 N Y 2d 248; *People* v. *Oyola*, 6 N Y 2d 259; *People* v. *Levy*, 265 App. Div. 841; *People* v. *Peary*, 249 App. Div. 851). To be distinguished from the case at bar are those cases where, after a trial, "the testimony of children was evaluated in the light of the defendant's version of the incident and of other evidence adduced on his behalf. In such a situation it may well be that a defendant's guilt may not be deemed to be established beyond a reasonable doubt; yet the selfsame evidence adduced on behalf of the complainant before the Grand Jury, without the defendant's version or evidence adduced on behalf of the defendant, would be *prima facie* sufficient [if sworn] to establish the offense charged" (*People* v. *Peary, supra*, p. 852; cf. *People* v. *Porcaro, supra*; *People* v. *Churgin*, 261 N. Y. 661). Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ In the Matter of the Estate of LUIGI PRECANICO, Deceased. CONSTANCE FIORITO et al., Appellants; MARIE CIMINO, Respondent.— Motion by appellants, pursuant to stipulation of the parties dated October 2, 1963, to dispense with printing on appeal from decree granting probate. Motion denied. Particularly in view of the agreement between the parties, appellants objective of not printing all those portions of the record which are not material to the issues on the appeal can be achieved by simply complying with the applicable provisions of the new CPLR and with the applicable recent rules of this court (see Surrogate's Ct. Act, § 294; CPLR 5525–5531; Rules, App. Div., 2d Dept., rules I, IV). Beldock, P. J., Hill, Rabin and Hopkins, JJ., concur.