J. Irwin Shapiro, J.
Defendant applies for an order permitting him “ an inspection of the Grand Jury minutes herein, or, in the alternative, dismissing the indictment.”
The indictment contains three counts: the first charging carnal abuse of a nine-year-old child as a felony (Penal Law, § 483-a), the second charging assault in the second degree, and the third charging a violation of the provisions of section 483 of the Penal Law (a misdemeanor — “ Endangering life or health of child ”).
The thrust of defendant’s motion is that the indictment is insufficient because it is based solely upon the testimony of the nine-year-old child and that in any event, the testimony before the Grand Jury does not, as a matter of law, establish carnal abuse.
In view of the nature of the attack upon the indictment the court does not deem it necessary to consider the sufficiency of the second and third counts of the indictment. Consideration, therefore, will be limited to the first count charging carnal abuse of a child as a felony.
The nine-year-old complainant was preliminarily examined and found to understand the nature of an oath which was thereupon administered to her in conformity with the requirements of section 392 of the Code of Criminal Procedure after which she testified that the defendant had placed his hands on her private parts through her “ panties
The basic contention of the defendant, relying upon People v. Belcher (299 N. Y. 321) is that “ the touching of a child’s sexual parts is insufficient to constitute a violation of the New York Law Carnal Abuse Statute (sections 483-a, 483-b of the Penal Law).”
In the Belcher case the trial court was confronted with the sworn testimony of an 11-year-old female complainant to the effect that the defendant had kissed her and placed his hands on her chest and her knee (p. 323). In reversing the judgment of conviction and dismissing the indictment the court said (p. 323) that a conviction for carnal abuse “ cannot stand unless defendant can be said to have carnally abused the body of the girl. ’ ’
After mentioning the absence of reported decisions in this State defining the “ precise scope ” of the term “ carnal abuse ” *681 the court reviewed the meaning given those words in other jurisdictions and in doing so cited a number of New Jersey cases (State v. Mac Lean, 135 N. J. L. 491; State v. Hummer, 73 N. J. L. 714; State v. Huggins, 84 N. J. L. 254).
In the Mac Lean case defendant’s conviction for having committed the crime of carnal abuse upon his 7-year-old daughter was affirmed, the court saying (p. 494): “The contention of the plaintiff in error seems to be based upon the assumption that there must be injury to the genital organs of the female in order to constitute the crime of carnal abuse. The cases of State v. Hummer (73 N. J. L. 714) and State v. Huggins (84 N. J. L. 254) hold that carnal abuse is an act of assault or debauchery of the female sexual organs by the genital organs of the male which falls short of knowledge with its accompanying penetration. We have not found and counsel does not point out to us any case sustaining the proposition that there need be injury to the genitalia of the female.”
In the Hummer case there too was an affirmance of a judgment of conviction and the basic issue involved was the meaning of the term ‘ ‘ carnal abuse ’ ’. After distinguishing carnal knowledge from carnal abuse on the basis of fact that the word ‘ ‘ knowledge ’ ’ means ‘ ‘ to know * * * as in' the sentence, ‘ Adam knew Eve and she conceived and bore Cain ’ ” the court went on to describe (pp. 718-719) “ carnal abuse ” as “an act of assault or debauchery of the female sexual organs by the genital organs of the male, which falls short of knowledge with its accompanying penetration. ’ ’
By reason of those cases and their citation in People v. Belcher (supra), by our Court of Appeals, the defendant contends that in this case where the evidence of the 9-year-old female complainant discloses only that the defendant with his hand touched her sexual organs through her “ panties ”, the record is legally insufficient to make out a case of ‘‘ carnal abuse ’ ’ because there was no touching “ of the female sexual organs by the genital organs of the male ” (Hummer, supra).
The difficulty with defendant’s contention, as I see it, is that it fails to recognize the basic difference between the New Jersey statute and our own. The New Jersey statute provides that “ Any person who has carnal knowledge of a woman forcibly against her will * * * or who, being of the age of 16 or over * * * unlawfully and carnally abuses a woman * * * under the age of 16 years ” is guilty of the charged crime (N. J. S. A. 2A:138-1). Thus, the New Jersey statute is limited to carnal knowledge or unlawful and carnal abuse of a *682 woman. Our statute, however, (Penal Law, § 483-a)* is much broader in scope since it includes not only carnal abuse but the indulging in any “indecent or immoral practices” with the sexual organs of a child. It reads as follows: “ § 483-a. Carnal abuse of a child. Any person of the age of eighteen years or over who carnally abuses the body, or indulges in any indecent or immoral practices with the sexual parts or organs of a child of the age of ten years or under, shall be guilty of a felony, punishable, on conviction thereof, by imprisonment for not more than ten years or by imprisonment for an indeterminate term, the minimum of which shall be one day and the maximum of which shall be the duration of his natural life.” (Italics supplied.)
Thus while the definition of the term “ carnal abuse ” laid down in the New Jersey cases is acceptable in the context of the New Jersey statute, the New York statute is directed not only against one “who carnally abuses the body” of a child but also one who 1 ‘ indulges in any indecent or immoral practices with the sexual parts or organs of a child ”.
It is this alternative language, to wit, the indulging ‘ ‘ in any indecent or immoral practices with the sexual parts or organs of a child ” that constitutes the basis of the charge against this defendant and which makes the indictment here impervious to attack.
In the Belcher case (299 N. Y. 321, supra) the only competent evidence in the record went no further than establishing that the defendant had kissed the complainant and had placed his hand on her chest and knee. The Court of Appeals therefore declined to determine the precise range of the alternative provisions of sections 483-a and 483-b of the Penal Law because (p. 324) “ defendant’s acts, if proved, would not amount to an offense under section 483-b ”.
The defendant also relies on People v. Benninger (12 A D 2d 572) for the proposition that the manipulation of a child’s genitals is not within the contemplation of the ‘ carnal abuse ’ ’ statute. That case does not so hold. There, as in People v. Belcher (supra) the prosecution failed to establish a violation of the statute because the evidence did not disclose a touching of the sex organs but merely that the defendant “ took off her [the child’s] pants and that [he] was sitting close to her ”.
*683 In our case the testimony given by complainant established an actual touching of her sexual parts. Hence, the attack leveled against the indictment on this ground must fail.
The defendant next argues that the indictment must be dismissed because there was no corroboration of the child’s testimony. In a prosecution under section 483-a of the Penal Law, corroboration of the complainant’s testimony is not mandatorily required as a matter of law (People v. Porcaro, 6 N Y 2d 248; People v. Oyola, 6 N Y 2d 259). The rule which obtains is that a conviction in such eases will not be upheld without “ clear and convincing evidence” of the claimed sexual assault upon the child and that the defendant is the perpetrator thereof. Depending on the totality of circumstances such “ clear and convincing evidence ’ ’ may come from the child herself and there need not be, as a matter of law, any corroboration of such testimony.
In any event, the ‘1 clear and convincing evidence ’ ’ rule enunciated in Porcaro is not applicable to grand jury testimony but is limited to an evaluation of the testimony adduced at the trial proper.
In People v. Peary (249 App. Div. 851) the Appellate Division in this Department, in reversing a dismissal of an indictment based upon the alleged insufficiency of the Grand Jury testimony, said (p. 852): “ The cases relied upon to justify the dismissal of this indictment were cases where the testimony of children was evaluated in the light of the defendant’s version of the incident and of other evidence adduced on his behalf. In such a situation it may well be that a defendant’s guilt may not be deemed to be established beyond a reasonable doubt; yet the selfsame evidence adduced on behalf of the complainant before the grand jury, without the defendant’s version or evidence adduced on behalf of the defendant, would be prima facie sufficient to establish the offense charged.”
In the final analysis, all that the “ clear and convincing evidence ” rule means is that upon the trial there must be sufficient proof in the record to establish the defendant’s guilt beyond a reasonable doubt, failing which, it may not be submitted to a trial jury. Under the circumstances, a dismissal of the indictment at this juncture would be premature (People v. Cipollina, 21 A D 2d 981). The motion is in all respects denied,

 So far as here material the only difference between this section and section 483-b is that the latter deals with “carnal abuse of a child over ten years of age and less than sixteen.”