In the Matter of THEODORE GARDNER et al., Petitioners, against DOMESTIC RELATIONS COURT OF THE CITY OF NEW YORK, CHILDREN'S COURT DIVISION, KINGS COUNTY, et al., Respondents.

Supreme Court, Special Term, Kings County, January 9, 1945.

*Gubman & Fischman* for petitioners.

*Ignatius M. Wilkinson, Corporation Counsel (Harriet L. Goldberg* of counsel), for respondents.

SWEZEY, J. Petitioners seek an order (prohibition) restraining the respondents from taking further steps with respect to certain proceedings which have been instituted against them in the Domestic Relations Court of the City of New York, Children's Division. On or about December 14, 1944, petitioners were served with summonses which recited that " a petition in writing and upon oath has been duly filed with the Domestic Relations Court of the City of New York, * * * alleging a violation of Section 630 of the Compulsory Education Law fail-

ing to return employment certificates of minors upon termination of their employment at The Gardner Bowling Center, Incorporated." Subpœnas duces tecum were also served directing the production of " all books and records of said corporation ". No copy of the petition referred to has been submitted by the respondents.

Petitioners attack the process so served on jurisdictional grounds. Under the circumstances shown they have, in my opinion, a right to invoke the remedy they now seek rather than be restricted, as respondents argue, to an appeal from a possible adverse decision in the tribunal whose jurisdiction is challenged. As stated in *People ex rel. Childs* v. *Extraord. Trial Term* (228 N. Y. 463, 468): " The writ of prohibition is an extraordinary remedy for unusual cases, resorted to, not to correct errors, but in aid of substantial justice and to forbid the exercise of an unauthorized power. SELDEN, J., said in *Quimbo Appo* v. *People* (20 N. Y. 531, 542) that ' it is far better to prevent the exercise of an unauthorized power than to be driven to the necessity of correcting the error after it is committed.' "

The Children's Court and the Domestic Relations Court of the City of New York, of which it is a part (L. 1933, ch. 482), are courts of inferior and limited jurisdiction. Such " jurisdiction will never be presumed and the facts necessary to confer jurisdiction in any particular case must affirmatively appear in the record " (*People* v. *Smith*, 266 App. Div. 57, 60).

The legislative latitude in conferring jurisdiction upon such courts is circumscribed by constitutional limitation. It may confer " such jurisdiction as may be necessary for the correction, protection, guardianship and disposition of delinquent, neglected or dependent minors, and for the punishment and correction of adults responsible for or contributing to such delinquency, neglect or dependency " (N. Y. Const., art. VI, § 18).

The statutory definition of a " delinquent child " is given in subdivision (15) of section 2 of the New York City Domestic Relations Court Act (L. 1933, ch. 482); and of a " neglected child " in subdivision (17) thereof. The jurisdiction of the court is specifically defined in section 61 of the act. It is conceivable that some of the persons for whom employment certificates were issued, which are referred to as above indicated by the respondents, would fall within some of the statutory categories (as would adults whose acts contributed thereto) and come, thus, within the proper jurisdiction of the court. But such circumstance is not affirmatively shown nor does it otherwise appear. On the contrary, it is stated (in respondents'

memorandum of law), that " this proceeding is independent and apart from any other pending case or cases ".

Respondents take the stand evidently that they may rely on the jurisdiction conferred by section 642 of the Education Law to enforce generally section 630 thereof, irrespective of whether such enforcement involves a specific instance or instances of delinquency or neglect.

To so construe such statute would, in my opinion, violate the restriction imposed by the constitutional language, for such courts could, under that interpretation, proceed against and punish an adult (employer) regardless of whether it was shown that such adult's conduct was responsible " for contributing to such delinquency, neglect or dependency ". Such facts do not appear in the instant case. (See in this respect, *People* v. *Hopkins,* 208 App. Div. 438, appeal dismissed 239 N. Y. 589; *People* v. *Smith,* 266 App. Div. 57, *supra*; *Matter of Walsh* v. *Walsh,* 146 Misc. 604.)

Therefore except as the violation charged may be incident to specific delinquency or neglect and hence within its proper field, as laid down in the Constitution, the respondent court and members thereof are without power to proceed in the manner herein sought. The Children's Court branch of the Domestic Relations Court has no jurisdiction to enforce statutes penal in their nature, except as collateral to its primary jurisdiction. (See in this respect, *People* v. *Rogers,* 248 App. Div. 141, affd. 272 N. Y. 612; *Matter of Kane* v. *Necci,* 269 N. Y. 13.)

The motion, accordingly, is granted. Settle order on notice.