Joseph A. Gavagan, J.
This article 78 proceeding seeking an order of prohibition challenges the jurisdiction of the Family Court to entertain several cases before it, charging inducing truancy, harboring truants and interfering with a truant officer in violation of paragraphs a and b of subdivision 5 of section 3212 of the Education Law. The Family Court of the State of Neiv York, City of New York, cross-moves for an order dismissing the petition upon the ground that it fails to state facts sufficient to constitute a special proceeding under the provisions of article 78 of the CPLR, and more particularly upon the ground that the respondent Family Court has full and complete jurisdiction of the parties and of the subject matter.
The Family Court is a State-wide constitutional court of record established by the Constitution by amendment adopted November 7, 1961, effective September 1, 1962 (N. Y. Const., *479 art. VI, § 1, subds. a, b, c; § 13). Thereby jurisdiction was conferred upon that court over 1 c crimes and offenses by or against minors ” in 1 ‘ conformity with the provisions of section seven of this article ”. Subdivision a of section 7 of article VI provides that the “ legislature may grant * * * to the family court in the city of New York jurisdiction over crimes and offenses by or against minors”. Seemingly, this would be redundant and unnecessary if it were accomplished, as respondent argues, by the constitutional grant of jurisdiction. The Family Court is not a criminal court and its purpose and function would be drastically extended by automatic inclusion of all crimes and offenses by or against children, save by orderly legislative implementation. Jurisdiction enlarged by such implementation remains constitutional jurisdiction defined by legislative action under power constitutionally conferred. Thus, for example, by chapter 689 of the Laws of 1962, section 3227 of the Education Law was brought into line by placing jurisdiction over matters therein enumerated in the Family Court. But those matters which formerly invoked the jurisdiction of the Children’s Court do not encompass the crimes and offenses charged in the subject cases now in the Family Court. Such transfer of jurisdiction did not enlarge upon the jurisdiction enjoyed by the Children’s Court so as to include generally crimes and offenses by or against minors. More specifically, subdivision b of section 13 of article VI of the Constitution provides: ‘ ‘ The family court shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such family court in the manner provided by law: ’ ’ and the jurisdiction here in dispute has not been provided ‘‘ by law ’ ’, merely by the amendment of section 3227 of the Education Law. The latter has to do with delinquency or habitual truancy, which cannot be transformed into the larger category of crimes and offenses. The court rejects the suggestion that because the Constitution establishes jurisdiction over crimes and offenses by or against minors, that automatically the Family Court may formulate procedures for the entertainment and hearing thereof, thereby itself defining the legislative implementation (see N. Y. Legis. Doc., 1958, No. 36, p. 12; also Joint Legislative Committee on Court Reorganization [1962], Family Ct. Act, vol. 2, p. 2). Otherwise, the Family Court will be laid open to a vast catalog of crimes and offenses involving children, which can be done under the Constitution only by additional legislation which, no doubt, would have due regard to the nature of any newly added crime or offense in relation to the nature and purpose of the Family Court and unrelated to the matter of delinquency.
*480 Finally, in the special circumstances here, exercise of discretion requires that the court entertain jurisdiction of the application. Accordingly, the cross motion is denied and the matter is remanded to the calendar of Special Term, Part I for May 21, 1965.