■ In the Matter of EUGENE O. CAVANAGH, Respondent, v. MILTON GALAMISON, Appellant. In the Matter of JOHN E. COMER, Respondent, v. THELMA JOHNSON, Appellant. In the Matter of JOHN E. COMER, Respondent, v. MILTON GALAMISON, Appellant.— Appeals from: 1. Two judgments of the Family Court, Kings County, dated February 3, 1965, one as to appellant Galamison and the other as to appellant Johnson, each (a) convicting the respective appellant, after a joint trial, of violation of section 3212 of the Education Law, (b) imposing a fine of $10 or, in default of payment thereof, a sentence of 10 days, (c) imposing, in addition, a sentence of 10 days, and (d) directing that execution of the fine and commitment be suspended on condition that the respective appellant refrain from further violations of the Education Law; 2. A judgment of the same court, dated February 11, 1965 and entered after a hearing, (a) reciting that appellant Galamison had disobeyed the judgment made as to him and dated February 3, 1965 and (b) directing that he be committed to the Kings County Jail for 10 days and in addition that he pay a fine of $10, or, in default of payment thereof, serve 10 days; 3. A determination of the same court, dated June 9, 1965, and entered after a hearing, finding that appellant Galamison had continued violation of section 3212 of the Education Law subsequent to February 11, 1965; and 4. Two judgments of the same court,

both dated June 14, 1965 and based upon the determination of June 9, 1965, which together (a) convicted appellant of such continued violation, (b) imposed a fine of $50 or, in default of payment thereof, a sentence of 30 days, and (c) imposed, in addition, a sentence of a further period of 10 days. Appellant Galamison's notice of appeal dated March 2, 1965 is amended herewith to state expressly that thereby he appeals not only from the judgment as to him dated February 3, 1965 but also from the judgment dated February 11, 1965. The two judgments dated February 3, 1965 and the two judgments dated June 14, 1965 are affirmed. The judgment dated February 11, 1965 is reversed, on the law, and case remanded to the Family Court for further proceedings not inconsistent herewith. The judgment was ineffective because it failed specifically, in its decretal part, to revoke the suspension contained in the judgment as to appellant Galamison dated February 3, 1965, which remained in full force and effect. The appeal from the determination dated June 9, 1965 is dismissed, upon the ground that the determination was rendered academic by the judgments dated June 14, 1965. In our opinion, in organizing the boycotts against existing " 600 " school facilities, as charged and proven herein, appellants proceeded in violation of section 3212 (subd. 5, pars. a, b) of the Education Law. Invoking the general aura of " civil rights ", without reference to any specific provision of law, did not grant to appellants a constitutional immunity, based on claims of free speech and right to petition, to thwart the provisions of State Law requiring children to be in attendance at their established places of instruction (*People v. Galamison*, 342 F. 2d 255; *Board of Educ. of City of N. Y.* v. *City-Wide Committee for Integration of Schools*, 342 F. 2d 284). In our further opinion, the said provisions of the Education Law were properly invoked as a source of authority for the punishment of appellants (*People* v. *Anonymous*, 44 Misc 2d 392; *Matter of Chernowitz*, N. Y. L. J., June 1, 1965, p. 17, col. 3). Insofar as other and earlier cases hold that no criminal jurisdiction was lodged in the Family Court or its predecessors, with respect to section 3212 (*Matter of Wilson v. Family Ct. of State of N. Y.*, 46 Misc 2d 478; *Matter of Gardner* v. *Domestic Relations Ct. of City of N. Y.*, 184 Misc. 44), these have been nullified by the amendments to the Judiciary article of the State Constitution, effective September 1, 1962 (art. VI, § 7, subd. a; art. VI, § 13, subd. b, par. [7]), by the statute transferring the prior jurisdiction of the Children's Courts and the Domestic Relations Court of the City of New York to the new Family Court (L. 1962, ch. 689, §§ 41, 42) and by the development of the case law. By paragraph 7 of subdivision b of section 13 of article VI of the Constitution, jurisdiction over " crimes and offenses by or against minors " was vested in the Family Court. By the Laws of 1962 (ch. 689, §§ 41, 42) the prior jurisdiction of the Children's Courts and of the Domestic Relations Court of the City of New York was transferred to the Family Court. As a result, the Family Court succeeded to the criminal jurisdiction previously vested in children's courts to hear, try and determine charges of violations of the Compulsory Education Law (Education Law, § 3227, as it existed in 1965 [the date of the instant violations; now Education Law, § 3232 [L. 1966, ch. 975, § 14], which has been amended to substitute directly " family courts " for " children's courts " [L. 1967, ch. 52]). The constitutional and statutory changes have effaced the prior requirement that the Children's Courts and the Domestic Relations Court of the City of New York could only proceed in criminal prosecution where delinquency, neglect or dependency of minors were concerned (*Matter of Gardner* v. *Domestic Relations Ct. of City of N. Y.*, 184 Misc. 44 [1945], *supra*). Modern case law has likewise served both to expand the civil jurisdiction of the Family Court (cf. *Matter of Seitz* v. *Drogheo*, 21 N Y 2d 181) and to establish that the Family Court has a growing area of criminal jurisdiction (*People* v. *Johnson*, 20 N Y

2d 220; *People* v. *James,* 55 Misc 2d 953; *People* v. *Davis,* 27 A D 2d 299; *People* v. *De Jesus,* 21 A D 2d 236). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.