Harold Baer, J.
This is an application pursuant to article 78 CPLR to compel respondent to render a decision. In November, 1969, a petition was served upon the petitioner herein seeking to terminate her parental rights in her infant daughter (Social Services Law, § 384, subd. 5). On October 14, 1970, a trial of said guardianship proceeding was commenced in the Family Court of the State of New York (Docket No. Gf-3930/1969) before the respondent. At the conclusion of the evidence-a motion was made by the petitioner herein to dismiss the proceedings for failure to prove a prima facie case. Decision was reserved.
When no decision was filed six months after the hearing, a writ of habeas corpus was obtained in this court directing that the infant be produced and custody be given to the- petitioner herein. The respondent cross-moyed to dismiss the petition.
On May 26, 1971 this court, by G-rumet, J., denied the cross motion and ordered the respondent to file an answer within two days, and that the matter be renoticed. In that decision the court noted that the petition was legally sufficient to compel a decision to be made (cf. People ex rel. Allen v. Murray, 2 Misc. 152, 160, affd. 21 N. Y. S. 797, affd. without opn. 138 N. Y. 635).
An answer was filed which generally denies the allegations of the petition and affirmatively pleads “ 6. Respondent was ill with hepatitis at the time the instant Article 78 proceeding was made”; also, that 11 respondent is expected to return to his duties — within the foreseeable future ”, and that respondent cannot be ordered to render a decision immediately.
This answer is bolstered by the affidavit of the Administrative Judge stating that she spoke to the respondent in the hospital in April and at his home in May, and that the doctor has not told respondent when he might resume his duties in the Family Court. There is no explanation for failure to render a timely decision pursuant to CPLR 2219 (subd. [a]) which requires a disposition within 60 days. There is no attempt to explain the failure to dispose of the matter by decision between October, 1970 and April, 1971.
This petitioner has been barred from obtaining legal redress. In custody cases involving an infant, justice requires prompt disposition in the interest of the infant. The vague and con *545 elusory excuses for the delay, and the total lack of evidentiary facts, coupled with the demand to dismiss this petition, are unreasonable. There is no area of law where prompt, conscientious consideration and decision are more vital than where the future of an infant is concerned.
Eight months have passed since the hearing. This petition is granted and a judgment may be entered. The respondent is ordered to render a determination within 10 days after service of a copy of this judgment with notice of entry. Upon failure to file such decision as herein ordered, a mistrial is declared and a rehearing is ordered within 10 days thereafter.