Charles R. Rubin, J.
This is an application for a general preference in accordance with Part 674 of the Rules of the Appellate Division, Second Department (22 NYCRR 674.1 et seq.), relating to actions to recover damages for personal injuries resulting in permanent or protracted disability.
From many months of presiding in the Trial Term Calendar Part of this court, it appears to me that this case is just one of many which should not have been brought in this court in the first instance, and which should properly be in the Civil Court of the City of New York. However, it has come to the court’s attention that the current practice of transferring cases from this court to the Civil Court results in a pattern of preference to those cases brought in an improper forum over those cases properly brought, without any penalty to the plaintiffs in the former. In the interests of the proper administration of the *567 calendars of this court this practice must cease. Judicial efficiency is a goal which should be striven for and attained by both the courts and practicing Bar.
Although the instant case is just an example of this type of abuse, a brief summary of the circumstances here involved will assist the Bar in more fully understanding the problem which confronts the court.
This action arises from a fall on a sidewalk on August 12, 1974 in Brooklyn, New York.
The medical reports submitted by plaintiff indicate that she fell forward on her hands and struck her forehead. Dr. Lloyd G. Bayme, the treating physician, diagnosed the injuries as follows: cerebral concussion; contusion of the right forehead with periorbital hematoma; contusion and abrasion of right hand; contusion and abrasion of left hand; severe sprain of right wrist.
Dr. Sydney F. Freilich, who examined plaintiff two days after the accident, found that her eyesight was 20/40 in each eye with correction, that there was "Much ecchymosis around the lids of right eye, some edema”, that the cornea in anterior chamber was clear, and that the fundi was dilated and normal.
Neither doctor found any disability or permanent injury as a result of the accident. The medical expenses claimed are $35 for Dr. Bayme’s consultation, $90 for six office visits, $40 for X rays, $20 for Dr. Freilich’s examination, plus $65 for new eyeglasses, for a total of $250. Plaintiff was a housewife and no loss of earnings is claimed.
The examining physician for one of the defendants reported that on November 14, 1974, there were no scars and that plaintiff "has made an excellent recovery from the alleged injuries”.
It is obvious that any damages that may have been suffered by plaintiff can be compensated for well within the monetary limits of the Civil Court, to wit, $10,000. The complaint herein demands damages of $100,000.
In light of these circumstances the court requested that plaintiff consent, pursuant to CPLR 325 (subd [c]), to a removal to Civil Court with a reduction in amount of damages sought to the monetary limit of that court. This request was refused.
The practice of this court has been in such instances to *568 order a removal to Civil Court pursuant to CPLR 325 (subd [d]) which has been made applicable to this court by the promulgation by the Appellate Division of 22 NYCRR 752.20. However, subdivision (d) provides that an action removed pursuant to that portion of the law retains limitation as to monetary jurisdiction of the court in which the action was originally commenced.
This court is aware of the fact that since the advent of no-fault automobile insurance, with its threshhold requirement for the institution of lawsuits (Insurance Law, § 670 et seq.), as well as efficient disposition of cases, the calendars in the Civil Court, Kings County, are not backlogged and that a trial may be had within a short period of time after filing of a note of issue. On the other hand, this court has become burdened with numerous newly popular types of actions such as products liability and medical malpractice, often involving large amounts of damage, as well as the normal equity and criminal jurisdictions reserved to this court, to such an extent that litigants often wait years before their cases are reached for trial.
Thus, by transferring a case to the Civil Court with an ad damnum clause above the monetary limitation of that court, a preference is created whereby a plaintiff who should have brought suit in Civil Court in the first instance, receives a trial far in advance of plaintiffs who properly commenced their actions in Supreme Court, with no difference in limitation of the monetary amount sought.
It is the opinion of this court that it is within the power of the Supreme Court under its constitutional jurisdiction to remedy this situation.
The New York State Constitution (art VI, § 19, subd a) provides: "The supreme court may transfer any action or proceeding, except one over which it shall have exclusive jurisdiction which does not depend upon the monetary amount sought, to any other court having jurisdiction of the subject matter within the judicial department provided that such other court has jurisdiction over the classes of persons named as parties.”
Section 19 also contains various other provisions in subdivisions a through i for the transfer of cases between the several courts of this State. However, most of these provisions are limited by the phrase "as may be provided by law.”
Subdivision k of section 19 states: "The legislature may *569 provide that the verdict or judgment in actions and proceedings so transferred shall not be subject to the limitation of monetary jurisdiction of the court to which the actions and proceedings are transferred if that limitation be lower than that of the court in which the actions and proceedings were originated.”
In a well-reasoned opinion in the case of Haas v Scholl (68 Misc 2d 197), Mr. Justice Joseph F. Gagliardi of the Ninth Judicial District reviewed the relevant case law as well as various commentaries concerning the power to transfer cases and concluded (p 201) that pursuant to the first phrase of subdivision a of section 19 of article VI, "The Supreme Court possesses the inherent power to transfer a case not within its exclusive jurisdiction to any court within its judicial department having jurisdiction of the subject matter and classes of persons sued.”
This court concurs in that holding and finds that the authorities cited by Justice Gagliardi amply support such a determination (e.g., American Mut. Liab. Ins. Co. v Bova, 32 AD2d 527; Midtown Commercial Corp. v Kelner, 29 AD2d 349). The court notes that in Haas (supra) the transfer, being made pursuant to inherent constitutional authority rather than CPLR 325 (subd [d]) was with a resultant reduction of the ad damnum clause to the monetary limitations of the court to which the action was transferred.
The holding in Haas (supra) was recently reaffirmed by Justice Gagliardi in Weber v Kowalski (85 Misc 2d 349), at which time various constitutional objections to transfers to inferior courts were disposed of.
The court notes that in both Haas (supra) and Weber (supra) those courts at the time of those decisions were not subject to CPLR 325 (subd [d]). Subdivision (d) authorizes transfers without consent only where the appropriate Appellate Division, by rule, makes that provision applicable to a particular court. As heretofore stated 22 NYCRR 752.20 permits the Supreme Court of Kings County to make the transfers pursuant to subdivision (d). However, such transfers are with the monetary jurisdictional limits of the Supreme Court rather than the Civil Court.
It thus appears that this court is authorized by its inherent constitutional powers to make transfers to the Civil Court with the monetary limits of the Civil Court to apply (Haas v *570 Scholl, supra). At the same time CPLR 325 (subd [d]) authorizes such transfers with that limitation being waived.
The constitutional authority for the waiver of the monetary limit of the lower court’s jurisdiction appears to be subdivision k of section 19 of article VI, heretofore set forth. It is the opinion of this court that subdivision k applies only to those transfers set forth in the various subdivisions of section 19 which are limited by the phrase "As may be provided by law.” As such, subdivision k merely gives the Legislature further power in promulgating the laws carrying out the provisions of the Constitution enabling such transfers.
Inasmuch as the Supreme Court has inherent power to transfer actions „ to other courts, a power not dependent on legislative action, subdivision k and CPLR 325 (subd [d]) do not apply to transfers made by the Supreme Court to other courts whére those transfers are made pursuant to subdivision a of section 19 of article VI of the Constitution.
To the extent that subdivision (d) may appear to be at odds with this ruling, it is superseded by the powers granted to the Supreme Court by the Constitution (art VI, § 19, subd a).
Accordingly, in the exercise of its inherent constitutional powers this court transfers this action to the Civil Court of the City of New York, Kings County, with the limits of monetary jurisdiction of the Civil Court to apply.