OPINION OF THE COURT
Louis H. Mariani, J.
This motion pertains to an action commenced by service of a summons and complaint on defendant corporation at its place of business in Westchester County, New York. Plaintiff originally sought relief of $7,066.08 in Supreme Court for sums incurred due to defendant’s alleged failure to fulfill a rental obligation and for damages to equipment the subject of said rental obligation. Upon rejoinder of issue and completion of discovery, a pretrial conference was held before a Justice of the Supreme Court, Fifth Judicial District. It was after this pretrial conference that an order of Supreme Court was signed and filed pursuant to CPLR 325 (subd [d]) and section 1024.20 of the Rules of the Appellate Division, Fourth Department (22 NYCRR 1024.20). This order transferred the instant action to the Syracuse City Court trial calendar on August 6, 1980. On September 16, 1980, both parties appeared by their attorneys at the calendar call in City Court, and expressed *167 confusion as to why the action was now in this forum. An adjournment was requested to enable them to discern what led to the transfer. On the next court date, September 30, 1980, neither attorney appeared and the case was marked off.
Plaintiff here moves (within one year from September 30, 1980, as he must [CPLR 3404; Rules of App Div, 4th Dept, § 1024.13, subd (c)]) to restore the action to the calendar. The grounds for this relief are the confusion surrounding the transfer and the misunderstanding, apparently of both attorneys, as to the next trial date. Defendant’s opposition to the restoration raises issues directed solely to the jurisdiction of City Court over the defendant corporation. As indicated above, at the inception of the original Supreme Court action, defendant was served in Westchester County. The Uniform City Court Act provides for service on a nonresident corporation only in an adjoining county and only in certain enumerated situations. (UCCA, § 404.)
This motion creates an interesting dilemma for the court. Should a City Court make an independent determination of personal jurisdiction over a party before it, when Supreme Court has previously ordered the lower court to preside over the action?
CPLR 325 (subd [d]) provides in pertinent part: “that a court in which an action is pending may, in its discretion, remove such action without consent to such lower court where it appears that the amount of damages sustained may be less than demanded, and the lower court would have had jurisdiction but for the amount of damages demanded” (emphasis added).
Commentators have attempted to do away with the difficulties arising from the lack of reference in CPLR 325 (subd [d]) to either personal and/or subject matter jurisdiction. “By the sweep of its language it would apparently mandate that the lower court have both types of jurisdiction.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, C325:4, p 444.) Section 1024.20 of the Rules of the Appellate Division, Fourth Department, implements CPLR 325 (subd [d]) in this de *168 partment. It is pursuant to this rule that the August 8, 1980 transfer was entered.
If this court were to now investigate the personal jurisdiction issue raised by defendant’s opposing papers, we would in effect be reviewing the appropriateness of the Supreme Court transfer order. In fact, defendant specifically stated in its memorandum of law that “Supreme Court therefore lacked authority to transfer this matter to City Court.” We find it interesting that defendant, so convinced of the soundness of its position, did not promptly challenge the order of Supreme Court through the customary appellate procedures.
The court in Rochester Tel. Corp. v Kirchner (97 Misc 2d 725) appeared at first blush to prohibit City Court from exercising jurisdiction in a service situation, that is virtually identical factually to the one before us. However, closer scrutiny reveals that it was the Supreme Court, after a motion to remove was made by the plaintiff, which recognized the inappropriateness of the transfer down, based on the facts before it. This court cannot now place itself in the position of examining the factual and legal bases utilized by Supreme Court in making the August 8, 1980 transfer.*
Treating the order of transfer as proper, we now address the restoration issue as raised by plaintiff’s moving papers. We find there is a satisfactory explanation of the previous removal from the calendar and a sufficient showing to proceed to trial. Therefore the criteria of CPLR article 34 and section 1024.13 of the Rules of the Appellate Division, Fourth Department, have been met and plaintiff’s motion is granted.

 The court also notes in passing, that even should the court have chosen to address the jurisdiction issue, insufficient facts were presented for it to make an informed determination.