OPINION OF THE COURT
Arthur D. Spatt, J.
This is a proceeding commenced pursuant to CPLR article 78 (in the nature of mandamus) wherein the individual petitioners, employed by the State of New York (Uniform Court System) as marshals in the Tenth Judicial District, County of Nassau, and their employee organization, Court Officers’ Benevolent Association of Nassau County (COBANC) seek a judgment directing respondent, the Chief Administrative Judge of the State of New York, to render a decision “forthwith” with respect to certain “jurisdictional classification”, “allocation” and “evaluation” appeals allegedly filed by petitioners with respondent on June 15, 1981, pursuant to 22 NYCRR 25.45 (c).
BACKGROUND
Pursuant to the terms of section 39 of the Judiciary Law effective April 1,1977, the State of New York assumed the *237 obligation of paying the expenses of all courts of record in the Unified Court System. In enacting such statute, the Legislature further directed, at section 39 (subd 8, par [a]) of the Judiciary Law, that as part of this assumption of such responsibility: “The administrative board of the judicial conference shall adopt a classification structure for all non-judicial officers and employees who become employees of the state of New York pursuant to this section which shall provide for the classification of positions in accordance with duties required to be performed in title in these positions and in accordance with the responsibilities of the position and the volume of work in the court or court-related agency in which the position exists.”
On May 28, 1979, subsequent to public hearing, the Chief Administrator of the courts (see NY Const, art VI, § 28) acting pursuant to authority vested in him by section 39 of the Judiciary Law and 22 NYCRR 25.45 adopted a “comprehensive classification structure” for court positions in the Unified Court System. (See, generally, Corkum v Bartlett, 46 NY2d 424.)
As noted in Corkum (supra) (see, also, Matter of Evans v Newman, 71 AD2d 240) anyone of the some 10,000 State employees who felt themselves aggrieved by the “classification” of their position or the salary grade “allocation” given to said classified position were and are afforded an appeal procedure. Specifically, and as relevant to this proceeding, 22 NYCRR 25.45 (c) provides as follows:
“(c) An employee aggrieved by the classification of his position pursuant to subdivisions (a) and (b) of this section, including the allocation of his position to a salary grade, may seek review as follows:
“(1) The employee or his representative shall submit a written notice of his intention to appeal his classification to the Chief Administrator of the Courts within 60 days of his receipt of notice of his classification. The Chief Administrator of the Courts shall notify each employee or representative who files a notice of intention to appeal of the date on which the appeal must be perfected, provided that the employee or his representative shall have at least 30 days to perfect the appeal. An appeal shall be perfected by the *238 submission of a written statement of the basis of the appeal, together with any supporting papers. The Chief Administrator of the Courts shall review these statements, make any required adjustments, and notify the employee of his action” (emphasis supplied).
On or about August 1, 1979, respondent notified each of the petitioners herein of their classification. It appears that the title of “Marshal” was “earmarked” — that is, not classified in the new title structure, and was designated “non-statutory” and thus not allocated to a grade in the salary schedule as set forth in section 37 of the Judiciary Law. Each of the petitioners was also furnished with a “Notice of Intent to Appeal Classification” form.
Petitioners assert that on or about September 13, 1979, each submitted said notice of intention to appeal to respondent who acknowledged receipt of such instrument from 23 of the 25 named petitioners.
It was on or about May 15, 1981, that respondent, pursuant to the terms of 22 NYCRR 25.45 (c), notified petitioners that they were to perfect their appeals on or about June 15, 1981. Petitioners contend that they all did so. Respondent, however, alleges that petitioner Greco failed to perfect his appeal.
It is undisputed that respondent has not as yet rendered a determination with respect to petitioners’ appeals. .
CONTENTIONS
Petitioners contend that, absent a decision by respondent on the pending appeals, they “are being deprived arbitrarily and capriciously of contract raises, increments to their grade, additional retirement credits, etc. to which they would otherwise be entitled”. Further, petitioners contend that the failure to render a determination “is a continuing and illegal course of conduct perpetrated by this respondent for the sole purpose of avoiding its obligations to make their decisions”.
Respondent denies such allegations. Asserting, without contradiction, that some 4,000 nonjudicial employees have filed some 10,400 separate appeals, he contends that “the Office of Court Administration was compelled to establish *239 priorities in reviewing individual appeals, giving first preference to deciding those appeals involving titles that are highly populated and for which determinations of the appeals will impact upon other titles within the classification structure”. He alleges that petitioners’ appeals have not been given a priority because they represent (as a class) a small percentage of the total appeals filed, and because, as a miscellaneous title, a determination of said appeals will have “limited impact on other titles”.
Relying upon this alleged factual foundation, respondent argues that, as a matter of law, a judgment in the nature of mandamus is inappropriate.
Respondent’s legal argument is two-pronged. First, he asserts that mandamus should not issue as petitioners do not have a “clear legal right” to an immediate determination. In this record, respondent argues that 22 NYCRR 25.45 “neither grants the non-judicial employee the legal right to dictate the time period, order and sequence in which appeals are to be processed, nor compels the Chief Administrative Judge to complete his administrative review within any specified time period”.
Secondly, respondent contends that his determination, based upon the aforesaid factual basis, to give petitioners’ appeals a relatively low (timewise) priority is “a reasonable approach and in no way constitutes an abuse of discretion”. Further, due to the alleged complexity of the decisions which said appeals required to be made, respondent contends there has been no abuse of discretion resulting from the passage of time that has passed since the perfection of the subject appeals.
CONCLUSIONS
Mandamus seeking to compel performance of an act “lies only when it is established that petitioner has a clear legal right he is entitled to enforce and that a ministerial officer, whose duty it is to enforce the right or otherwise to act in furtherance thereof, has refused to perform his duty.” (See Matter of Sullivan v Siebert, 70 AD2d 975.) The act sought to be compelled must be “ministerial, nondiscretionary and nonjudgmental and * * * premised upon specific statutory authority mandating performance in a specified manner”. (See Peirez v Caso, 72 AD2d 797; and see Matter of Hamp *240 tons Hosp. & Med. Center v Moore, 52 NY2d 88; Matter of Legal Aid Soc. of Sullivan County v Scheinman, 73 AD2d 411.)
Thus, it has been held that, where specific statutory authority exists requiring a judicial determination within a fixed time, the role of the Judge in rendering such decision is, with respect to such time frame, a “ministerial” one, and mandamus will lie to compel a decision. (See, generally, CPLR 2219, 4213; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2219:2, p 136; Matter of Rothman v Thurston, 67 Misc 2d 543; People ex rel. Allen v Murray, 2 Misc 152; Thayer v Blando, 40 AD2d 886.)
In this case, as respondent properly points out, no such statutory time frame is specified. (See 22 NYCRR 25.45.)
However, the court believes that the absence in 22 NYCRR 25.45 (c) of a specified period in which a decision must be rendered is not dispositive of this proceeding. The intent of 22 NYCRR 25.45 (c) is clear — respondent is charged with a duty of rendering a decision with respect to the subject appeals. Absent a specified time period in the statute, it must be concluded that it was intended that respondent would, using his discretionary powers, formulate a timetable for the rendering of decisions. This he must do. Any other construction of the statute would, in the event respondent chose for any reason not to act, render said statute limp and of no value.
The establishment of priorities of review as outlined by respondent is reasonable, and it is not for this court to pass upon the question of whether the relative priorities were assigned appropriately by respondent. Further, accepting as valid and not as an abuse of discretion the relatively low priority given to those employees in the marshal category, and given the concededly vast number of appeals to be reviewed and analyzed, it cannot be held that the delay which has thus far occurred with respect to petitioners’ appeals has been of unreasonable duration.
However, respondent has failed to demonstrate whether a “tentative” schedule for the rendering of decisions on appeals has or has not been formulated. While the absence *241 of a specific time period in 22 NYCRR 25.45 (c) does preclude mandamus compelling a decision within such a time period, the court determines that if no timetable has been formulated, the petition herein should be granted to the extent that respondent be directed to transmit to each of the petitioners who has perfected an appeal a proposed schedule, subject to reasonable modification or revision, indicating the approximate date by which such appeal may be expected to be decided and setting forth similar information with respect to those categories of titles which have been assigned priorities higher than that of marshal. Absent a tentative schedule for the rendering of decisions, it is impossible for petitioners to challenge, by article 78 proceeding, or for this court to determine whether the overall anticipated delay in the rendering of decisions upon petitioners’ appeals would, in fact, be unreasonable.
Upon the foregoing, the court directs that counsel for the parties appear before me at my chambers on February 2, 1982 at 9:00 a.m. for the purpose of informing the court as to whether a tentative timetable has been formulated. If it has, this court shall, from the Bench, direct copies of same to be furnished to petitioners within a specified time. If no timetable has been so formulated, the court shall issue a judgment, as above noted, directing the preparation of such a timetable within a specified time. Upon receipt of such tentative schedule, petitioners may then determine whether they wish to test the reasonableness of same by a subsequent proceeding.