OPINION OF THE COURT
Anthony J. Ferraro, J.
Application has been made by plaintiff for a further order of this court transferring this action to the County Court of Westchester County, pursuant to CPLR 325 (c). This application is prompted by an order of the City Court of White Plains (Reap, J.) which purports to “transfer back” to this court the instant action that had been previously transferred to the City Court by order of this court, by the undersigned, dated June 5,1985. The basis for the “retransfer” was a finding by the lower court of limited jurisdiction that this court “clearly erred” in transferring this case to the City Court of White Plains.
The order of the City Court has not only created procedural confusion and left the parties in a void between two courts, but has violated well-settled principles of jurisprudence.
The City Court of White Plains is not a court of error. The New York State Constitution establishes only the Court of Appeals, the Appellate Division of Supreme Court, the Appellate Term of Supreme Court, and the County Court as courts with appellate jurisdiction. (NY Const, art VI, §§ 2-6,8,11; see, 1 Carmody-Wait 2d, NY Prac ch 2, appendix, at 248-249.) The City Court of White Plains is an inferior court of limited jurisdiction (NY Const, art VI, § 17; see, UCCA [L 1964, ch 497, as amended]) totally lacking in any authority to review the decisions and orders of other courts. This, of course, is exactly what the City Court has attempted to do in this case by, in effect, *874 vacating, or reversing, the order of this court, dated June 5, 1985. In doing so, it has not only acted ultra vires by exercising appellate authority that it does not possess, but has violated the doctrine of law of the case. “[A] court should not reconsider, disturb or overrule an order in the same action of another court of co-ordinate jurisdiction (cf. Mount Sinai Hosp. v Davis, 8 AD2d 361, 362-363).” (Matter of Dondi v Jones, 40 NY2d 8, 15; see, Matter of McGrath v Gold, 36 NY2d 406, 413.) A fortiori, a lower court of inferior jurisdiction, as here, should not reconsider, disturb or overrule the order of a court with greater jurisdiction, viz., the Supreme Court with general original jurisdiction in law and equity (NY Const, art VI, § 7).
Beyond these jurisprudential considerations, this court must observe that its prior order transferring this action to the City Court of White Plains was “clearly” not in error. First, the transfer was not pursuant to CPLR 325 (d), there being no Appellate Division rule implementing that section in the Ninth Judicial District. Transfer was ordered pursuant to NY Constitution, article VI, § 19 (a). In accordance with the inherent power invested in the Supreme Court by that constitutional provision, the transfer to City Court also automatically effected a reduction in the ad damnum clause to place the case within the monetary jurisdictional limits of the lower court. (See, Offner v Rothschild, 87 Misc 2d 565; Weber v Kowalski, 85 Misc 2d 349; Haas v Scholl, 68 Misc 2d 197; see also, NY Const, art VI, § 19 [a], [k]; cf. Alacqua v Baudanza, 110 Misc 2d 774.)
Secondly, as to the requirements of UCCA 213, this court recognized that the parties were not resident in the City of White Plains. Nevertheless, when it was indicated that a transfer to the City Court with greater monetary jurisdiction than the appropriate Justice Court might be recommended, no objection was made by the parties. Since the requirements of UCCA 213 are not jurisdictional and may be waived (UCCA 213 [d]) and since the court determined that transfer to the City Court would be most appropriate under the facts and circumstances of this case, there was nothing in UCCA 213 to prevent such a transfer.
Finally, the court must observe that when the City Court decided to overrule this court’s order of transfer it not only exceeded its authority in making such a decision, but it also exceeded its authority in ordering the “retransfer” of the action. There is absolutely no power in the City Court to transfer or “retransfer” an action to the Supreme Court (see, Huston v Rao, 74 AD2d 127). Moreover, even if this court had been in error in transferring this action to City Court as jurisdictionally justified *875 it was not for City Court to raise the question of jurisdiction again and to decide it contrary to this court’s prior determination. (See, Whale Riggers & Erectors v North Star Elec. Contr. Corp., 109 Misc 2d 166.) This court’s prior order has not been legally vacated or reversed on appeal and therefore remains in full force and effect. Thus, the instant action is properly transferred to the City Court of White Plains. In the absence of an order of this court removing the action from the City Court, it properly remains there. (See, CPLR 325 [b]; Huston v Rao, 74 AD2d 127, supra.) Consequently, no action is pending in this court to form a predicate for the instant application. If the City Court of White Plains does not recall the improper order of “retransfer”, and satisfactory relief cannot be obtained in the City Court, plaintiff may make further application to this court at Special Term, Part I, for an order pursuant to CPLR article 78 for mandamus and/or prohibition. In this connection please see: People ex rel. Prosser v Martin (306 NY 710); Matter of Lee v County Ct. of Erie County (33 AD2d 1093); Matter of Briggs v Lauman (21 AD2d 734); Matter of Rothman v Thurston, (67 Misc 2d 543), and Matter of Wilson v Family Ct. of State of N. Y. (46 Misc 2d 478).
Application dismissed without prejudice as herein above indicated.